OPINION JUDGMENT ENTRY
{¶ 1} Appellant Julian E. Tyree appeals the decision of the Licking County Court of Common Pleas, Domestic Relations Division, which granted a divorce between appellant and his former spouse, Appellee Beatrice Tyree. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on June 7, 1981. No children were born as issue of the marriage. On August 2, 2002, appellee filed a divorce complaint in Licking County. Appellant answered and filed a counterclaim on August 30, 2002.
 {¶ 3} The matter proceeded to trial on August 23, 2003. Appellant proceeded pro se. On August 28, 2003, the court issued a decree of divorce, finding, inter alia, that appellant had committed gross financial misconduct by withdrawing over $189,000 from his retirement stock fund shortly before the divorce and acquiring significant credit card debt during the same period. Appellant was ordered to pay spousal support of $800 per month for eleven years, subject to the court's continuing jurisdiction. Appellee was awarded the house, with the responsibility for the two mortgages thereon. Appellee was also awarded $59,023 as part of the division of assets and debt reimbursement. Appellant was also ordered to pay $5000 in attorney fees.
 {¶ 4} Appellant timely appealed, and herein raises the following three Assignments of Error:
 {¶ 5} "I. The trial court erred to the prejudice of the appellant and abused its discretion by failing to make an equitable division of the parties' marital assets and liabilities.
 {¶ 6} "II. The trial court erred and abused its discretion by establishing spousal support without first considering all the factors as set forth in 3105.18 and 3105.171.
 {¶ 7} "III. The trial court erred and abused its discretion in its award of attorneys fees to the appellee.
 I. {¶ 8} In his First Assignment of Error, appellant argues the trial court abused its discretion in dividing the parties' marital assets. We disagree.
 {¶ 9} An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v.Cherry (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. R.C. 3105.171 explains a trial court's obligation when dividing marital property in divorce proceedings as follows: "(C)(1) Except as provided in this division or division (E)(1) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section." See also Cherry, supra, at 355, 421 N.E.2d 1293. On appellate review, the trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division of marital assets. Briganti v.Briganti (1984), 9 Ohio St.3d 220, 222, 459 N.E.2d 896.
 {¶ 10} R.C. 3105.171(F) reads as follows:
 {¶ 11} "In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
 {¶ 12} "(1) The duration of the marriage;
 {¶ 13} "(2) The assets and liabilities of the spouses;
 {¶ 14} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 {¶ 15} "(4) The liquidity of the property to be distributed;
 {¶ 16} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 {¶ 17} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 18} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 {¶ 19} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 20} "(9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 21} Appellant chiefly challenges the trial court's ruling concerning the parties' Holiday Rambler motor home. Appellant notes the trial court found this asset had a fair market value of $32,000, "but has a $48,000 note on it in both parties (sic) name." Judgment Entry at 2. However, when the court "recapped" its division of property, it did not recognize any negative equity in the motor home. Judgment Entry at 5.
 {¶ 22} This Court has recognized that equity is the guidepost in dividing the marital assets of the parties in a divorce action. Kennard v. Kennard, Delaware App. No. 02CAF11059, 2003-Ohio-2800, citing Zimmie v. Zimmie (1984),11 Ohio St.3d 94, 464 N.E.2d 142. As an appellate court, we generally review a trial court's property division in its entirety, rather than examining individual awards in a piece-meal fashion. Espenschiedv. Espenschied, Tuscarawas App. No. 2002AP030021, 2002-Ohio-5119, ¶ 19, citing Briganti, supra. In the case sub judice, the trial court, in its seven-page judgment entry, articulated the various financial factors at issue in this marriage, recognizing that "both parties have serious debt consequences," including over $60,000 in credit cards and over $20,000 in lines of credit, exclusive of the two mortgages. Judgment Entry at 3. Appellant's pensions and stock assets were valued at more than $337,000, much of which had been undisputedly "squandered," Judgment Entry at 4 and 5, while appellee's pensions and stock assets were listed as $196,000. Id. Appellant also missed nine mortgage payments he was directed to pay under the court's temporary orders. Id. R.C. 3105.171(E)(3) states that "[i]f a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property."
 {¶ 23} Viewing the award in its entirety, we do not find the trial court abused its discretion in dividing the parties' marital property. See Koegel v. Koegel (1982),69 Ohio St.2d 355, 432 N.E.2d 206 (emphasizing that a trial judge should be given wide latitude in dividing property between the parties). Additionally, we find the trial court sufficiently recorded its analysis and findings to permit proper appellate review. See, e.g., Szerlip v. Szerlip (1998), 129 Ohio App.3d 506, 511.
 {¶ 24} Accordingly, appellant's First Assignment of Error is overruled.
 II. {¶ 25} In his Second Assignment of Error, appellant contends the trial court abused its discretion in awarding spousal support, and erred in failing to sufficiently consider the factors under R.C. 3105.18(C). We disagree.
 {¶ 26} A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion.Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore, supra. R.C.3105.18(C)(1)(a) thru (n), provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support. A trial court's decision not to acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C)(1) does not necessarily mean the evidence was not considered. Barron v.Barron, Stark App. No. 2002CA00239, 2003-Ohio-649.
 {¶ 27} R.C. 3105.18(C)(1) provides as follows:
 {¶ 28} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 29} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 30} In the case sub judice, the court took note of the following:
 {¶ 31} "SPOUSAL SUPPORT: Only the defendant truly knows what he intended by withdrawing nearly $190,000.00 from his retirement benefits and retiring nearly nine years before the recognized retirement age of 65.
 {¶ 32} "To withdraw such a large sum which initiated a substantial tax liability of nearly $70,000.00 and squander the rest clearly reflects financial misconduct. Further, to assert his credit card debt of over $60,000.00 was used primarily for living expenses exemplifies gross financial misconduct.
 {¶ 33} "Clearly it would be significantly different had defendant used this money to erase debt but he not only failed to do that but incurred an additional $60,000.00 in credit card debt which he nonchalantly indicated he was going to erase via bankruptcy which will shift some of his obligations to plaintiff. * * *" Judgment Entry at 7.
 {¶ 34} Appellant, with no caselaw authority, proposes that financial misconduct and potential bankruptcy are impermissible factors for spousal support consideration. We nonetheless re-emphasize the General Assembly's allowance of the consideration of "[a]ny other factor that the court expressly finds to be relevant and equitable" in assessing the issue of spousal support. R.C. 3105.18(C)(1)(n). We further reiterate that the trial court maintained continuing jurisdiction in this case, should appellant's bankruptcy plans change. We are therefore unpersuaded the trial court erred or abused its discretion under these circumstances in assessing a spousal support award per the factors under R.C. 3105.18(C). See, also, Walczak v. Walczak,
Stark App. No. 2003CA00298, 2004-Ohio-3370, ¶ 22, citing State v.Eley (1996), 77 Ohio St.3d 174, 180-181. ("A trial court judge is presumed to know the applicable law and apply it accordingly.")
 {¶ 35} Appellant's Second Assignment of Error is therefore overruled.
 III. {¶ 36} In his Third Assignment of Error, appellant contends the trial court erred in awarding attorney fees to appellee. We disagree.
 {¶ 37} An award of attorney's fees lies within the sound discretion of the trial court. Rand v. Rand (1985),18 Ohio St.3d 356, 359, 481 N.E.2d 609. R.C. 3105.18(H) reads as follows: "(H) In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
 {¶ 38} Appellee submitted testimony and unrebutted affidavit setting forth and itemizing attorney fees of over $8400. Appellant complicated matters in this case by squandering marital assets, violating temporary orders, falsely answering questions under oath (thereby coming perilously close to a contempt finding at trial), and creating a situation where his attorney withdrew from the case for lack of payment (see Tr. at 4). Upon review, we are unpersuaded the trial court abused its discretion in awarding appellee $5000 in attorney fees under the facts and circumstances of this case.
 {¶ 39} Accordingly, appellant's Third Assignment of Error is overruled.
 {¶ 40} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby affirmed.
Wise, J., Hoffman, P.J., and Farmer, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is affirmed.
Costs to appellant.