OPINION
{¶ 1} Appellant Robert A. Puls (hereinafter "Robert") appeals from a judgment of the Montgomery County Domestic Relations Court which adopted the decision of the magistrate over his objections to said decision on April 4, 2005. Robert filed a notice of appeal with this Court on April 25, 2005.
 {¶ 2} We set forth the history of the case in Puls v. Puls
(March 25, 2005), Montgomery App. No. 20487 (hereinafter "Puls
I"), and repeat it herein in pertinent part:
 {¶ 3} "Robert and Sharon Puls were married on September 28, 1984. Robert was employed by Whirlpool, Inc. beginning in January, 1990. Two children were born of the marriage. On March 1, 2001, Sharon commenced this action for divorce. The domestic relations court granted a final judgment and decree of divorce on March 31, 2004. * * *"
 {¶ 4} Shortly after Sharon filed for divorce, the trial court issued a temporary order pursuant to Civ. R. 75(N)(2) requiring Robert to pay child support at a rate of $125.00 per week per child for a total of $250.00 per week. The temporary order commenced on March 31, 2001, and remained in effect until the final divorce decree was issued.
 {¶ 5} After hearings were held with respect to support and division of property, the trial court issued a decision containing provisions that were to be incorporated into the final divorce decree filed on August 1, 2003. The decision provided for spousal support set at $750.00 per month as well as child support set at $594 per child per month for a total of $1938.00 per month. The revised support order was set to commence on October 1, 2003. Language in the decision indicates that the trial court expected that the final divorce decree would be in effect on that date.
 {¶ 6} On August 29, 2003, Robert filed a motion for modification of the temporary support order due to the fact that he had lost his job. The hearing on Robert's motion was not held until March 26, 2004, before a domestic relations magistrate. Before a decision was issued with respect to Robert's motion for modification, the trial court issued the final divorce decree on March 31, 2004, which incorporated the revised spousal/child support order contemplated by the trial court's decision issued on August 1, 2003.
 {¶ 7} On April 28, 2004, Robert filed a notice of appeal of the final divorce decree with this Court. Approximately a month later on May 28, 2004, Robert filed a Civ. R. 60(B) motion for relief from judgment with the trial court. While Robert's initial appeal was still pending in this Court and the motion for modification had yet to be decided by the magistrate, the trial court filed an entry on September 3, 2004, retaining jurisdiction to hear the Civ. R. 60(B) motion as well as the motion for modification.
 {¶ 8} On November 4, 2004, the magistrate filed her decision wherein she overruled both the motion for modification as well as the Civ. R. 60(B) motion. The magistrate found that the motion for modification was filed prematurely since there was no final divorce decree to modify at the time that the motion was filed. With respect to the Civ. R. 60(B) motion, the magistrate held that because an appeal was pending with this Court at the time the motion for relief was filed, the trial court was divested of jurisdiction to entertain the motion.
 {¶ 9} On November 18, 2004, and January 19, 2005, Robert filed objections to the magistrate's decision. Before those objections could be ruled on, we issued our decision in Puls I on March 25, 2005.[1] In a decision filed on April 4, 2005, the trial court overruled Robert's objections and adopted the findings of the magistrate.
 {¶ 10} It is from this judgment that Robert now appeals.
 II {¶ 11} Robert's first assignment of error is as follows:
 {¶ 12} "THE TRIAL COURT ERRED IN CONSTRUING THE MOTION TO MODIFY SUPPORT OF AUGUST 29, 2003 TO BE ONE FOR PERMANENT SUPPORT, WHEN IN ACTUALITY IT WAS A GENERAL REQUEST TO MODIFY SUPPORT. THE MAGISTRATE ACKNOWLEDGED HER ABILITY TO MODIFY SUCH AN AWARD DURING THE HEARING ON MARCH 26, 2004."
 {¶ 13} In his first assignment, Robert contends that the trial court erred when it found that his motion for modification of the temporary support order was premature because there was no permanent support order in place when the motion was made. Conversely, Robert argues that his motion specifically concerned a modification of the temporary support issued on March 26, 2001. Robert asserts his motion was not premature because at the time he filed the motion on August 29, 2003, the temporary order was still in effect. Although the motion for modification is somewhat vague with respect to which support order it challenges (the temporary order or the permanent order incorporated into the final divorce decree), Robert maintains that the motion requests a modification of the temporary order in light of the fact that he lost his job and was not able to pay the amount originally agreed to by the parties. We agree.
 {¶ 14} After a thorough review of the record, it is clear that the magistrate as well as the trial court erred when they held that the motion for modification was premature. As previously stated, the only order in effect at the time the motion for modification was filed was the temporary support order. Robert was not requesting a modification of the permanent order which was not scheduled to go into effect until October 1, 2003 by order of the trial court. Rather, he was merely asking the trial court to lower the amount of the temporary support order due to his change in circumstance brought on by the loss of his job. Accordingly, the trial court's decision finding Robert's motion for modification to be premature was incorrect, and the trial court is ordered to rule on the merits of the motion.
 {¶ 15} Robert's first assignment of is sustained.
 III {¶ 16} Robert's second and final assignment of error is as follows:
 {¶ 17} "THE TRIAL COURT ERRED IN THAT IT FAILED TO HOLD A HEARING CONCERNING THE 60(B) MOTION AFTER JURISDICTION HAD BEEN REINVESTED IN IT ON THE COMPLETION OF THE APPEAL THAT ORIGINALLY DIVESTED IT OF JURISDICTION."
 {¶ 18} In his final assignment of error, Robert contends that the trial court erred when it incorrectly held that it lacked jurisdiction to decide the May 28, 2004, Civ. R. 60(B) motion for relief from judgment where an appeal to this Court was pending. Once the appeal had been ruled on by this Court, Robert asserts that because the trial court issued an entry in which it stated that it retained jurisdiction to rule on the Civ. R. 60(B) motion, the trial court did have jurisdiction to hear the motion and should have held a hearing to determine whether relief from judgment was appropriate. Although Robert's reliance on the September 3, 2004 entry from the trial court is misplaced, a review of the convoluted history of this case reveals that the trial court was incorrect when it agreed with the magistrate that it was divested of jurisdiction to hear and decide the Civ. R. 60(B) motion for relief from judgment.
 {¶ 19} The general rule is that a trial court does not have jurisdiction to rule on a Civ. R. 60(B) motion where an appeal is pending unless the appellate court remands for the purpose of granting the trial court jurisdiction. Howard v. Catholic SocialServices of Cuyahoga County (1994), 70 Ohio St.3d 141, 147,637 N.E.2d 890. In Puls I, we did not remand the matter back to the trial court for consideration of the Civ. R. 60(B) motion. Thus, the magistrate was correct when she found that the trial court did not have jurisdiction to hear the Civ. R. 60(B) motion on November 4, 2004, as the appeal in Puls I was still pending in this Court.
 {¶ 20} However, the trial court did not rule on Robert's objections to this decision by the magistrate until after we issued our decision in Puls I on March 25, 2005. Thus, once we issued our decision and the appeal was final, the trial court had jurisdiction to hear the Civ. R. 60(B) motion and erred in dismissing the request without granting Robert a hearing. Robert's final assignment of error is sustained.
 IV {¶ 21} Both of Robert's assignments having been sustained, the judgment of the trial court is reversed and remanded for proceedings in accordance with this opinion.
Wolff, J. and Grady, J., concur.
[1] The issues raised in Puls I do not affect the merits of the present appeal.