OPINION
{¶ 1} Appellant Perry R. Silverman appeals the decision of the Court of Common Pleas, Delaware County, which granted summary judgment in favor of Appellee Polaris Ventures IV, Ltd. in a dispute over a commercial lease. The relevant facts leading to this appeal are as follows.
 {¶ 2} In June 2000, Appellant Silverman and Perry L. Silverman Co., LPA ("Silverman Co."), lessees, entered into a six-year lease agreement for office space with Appellee Polaris Ventures, lessor. The lease pertained to the premises at 8800 Lyra Drive in suburban Columbus. Pursuant to the lease terms, appellant and Silverman Co. were responsible for monthly rent payments of $3,188.85 per month for the first five years (commencing September 25, 2000), and $3,246.83 per month for the sixth and final year.
 {¶ 3} On March 18, 2004, appellee served appellant with a notice to leave the premises within three days. Appellant and Silverman Co. vacated the offices on March 21, 2004. Appellee thereafter made efforts to re-rent the space.
 {¶ 4} On August 4, 2004, appellee filed an action in the Delaware County Court of Common Pleas against appellant and Silverman Co., alleging breach of contract and unjust enrichment. On October 1, 2004, appellant filed an answer and several counterclaims, including wrongful eviction and tortious interference with business relations.[1] Appellant also asserted that appellee had failed to mitigate damages.
 {¶ 5} Following the trial court's scheduling conference on January 20, 2005, appellant propounded interrogatories and requests for production of documents upon appellee. Appellee made efforts to comply with said discovery; however, appellant filed a motion to compel on March 14, 2005. The court scheduled a hearing on the motion for May 16, 2005. On that date, appellee's counsel appeared with two witnesses; appellant failed to show. The court later denied appellant's motion to compel. {¶ 6} On May 27, 2005, appellant filed a motion to re-hear the motion to compel, alleging the court had sent notice of the May 16th hearing to the wrong address. On August 19, 2005, the court denied the motion for re-hearing, noting "[t]here is no notice of a change of [appellant's] address on record in the file." Judgment Entry, August 19, 2005, at 2.
 {¶ 7} In the meantime, appellee filed a motion for summary judgment on May 19, 2005. The court eventually set a non-oral hearing regarding summary judgment, and directed that appellant and Silverman Co. could file their responses to the summary judgment motion no later than October 14, 2005.
 {¶ 8} On September 20, 2005, Silverman Co. filed a motion to stay the proceedings, noting that appellant had been incarcerated on several counts since July 28, 2005, and contending that appellant was an indispensable party. On October 14, 2005, appellant filed a motion to vacate the non-oral hearing date, contending he did not have access to his files. The trial court denied the motion to stay and the motion to vacate hearing date on October 18, 2005, holding that appellant and Silverman Co. both had had the opportunity to file a response to appellee's motion for summary judgment, and that appellant had "had ample time to prepare any memorandum contra" to the summary judgment motion.
 {¶ 9} On November 1, 2005, the trial court granted summary judgment in favor of appellee, awarding damages of $113,515.49. The court further held that appellant's counterclaims were not ripe because appellee had not instituted an eviction action.
 {¶ 10} Appellant filed a notice of appeal on November 30, 2005. He herein raises the following two Assignments of Error:
 {¶ 11} "I. THE TRIAL COURT BELOW ERRED TO THE PREJUDICE OF THE APPELLANT BY OVERRULING THE APPELLANT'S MOTION TO VACATE AND RESCHEDULE THE NON-ORAL HEARING DATE ON APPELLEE'S SUMMARY JUDGMENT MOTION.
 {¶ 12} "II. THE TRIAL COURT BELOW ERRED TO THE PREJUDICE OF THE APPELLANT BY FAILING TO GRANT THE APPELLANT RELIEF FROM SUMMARY JUDGMENT."
 I. {¶ 13} In his First Assignment of Error, appellant contends the trial court erred in overruling his motion to reschedule the non-oral hearing date concerning appellee's summary judgment motion. We disagree.
 {¶ 14} Pursuant to Civ.R. 56(F), a party opposing summary judgment may seek a continuance to pursue further discovery in order to develop its opposition to the motion. Vilardo v.Sheets, Clermont App. No. CA2005-09-091, 2005-Ohio-3473, ¶ 29. Nonetheless, the grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court. SeeIn re Rossantelli Children, Delaware App. No. 01CAF12072, 2002-Ohio-2525, citing State v. Unger (1981), 67 Ohio St.2d 65,423 N.E.2d 1078. Likewise, a decision on the request of an incarcerated individual to prosecute a civil action in person rests within the sound discretion of the trial court. SeeKampfer v. Donnalley (1998), 125 Ohio App.3d 359, 363,708 N.E.2d 750. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 15} In the case sub judice, although appellant based his request to re-schedule on the fact of his incarceration, it is undisputed that he was not imprisoned until July 28, 2005, and thus had access to his files for more than two months in order to formulate a response to appellee's summary judgment motion. Under such circumstances, we are unable to conclude that the denial of the rescheduling request constituted an abuse of the trial court's discretion.
 {¶ 16} Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 17} In his Second Assignment of Error, appellant argues the trial court erred in failing to grant him relief from summary judgment.
 {¶ 18} Appellant filed a motion for relief from judgment (Civ.R. 60(B)(3) and (5)) on November 29, 2005, contending appellee had procured its judgment as a result of fraud. The next day, appellant filed a notice of appeal of the November 1, 2005 judgment entry granting summary judgment. Appellant presently claims that the lack of a ruling on the motion for relief from judgment means the motion should be deemed as overruled, allowing this Court to review the 60(B) issue. We find this procedural argument unpersuasive.
 {¶ 19} A pending appeal from a final judgment divests a common pleas court of jurisdiction to consider a subsequently-filed Civ.R. 60(B) motion. See Duncan v. CapitolSouth Community Urban Redevelopment Corp. Franklin App. No. 02AP-653, 2003-Ohio-1273, ¶ 19, citing Howard v. Catholic SocialServ. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, 147,637 N.E.2d 890. Following the disposition of an appeal under such circumstances, the common pleas court regains jurisdiction to determine the Civ.R. 60(B) motion. Id., citing State ex rel.Newton v. Court of Claims (1995), 73 Ohio St.3d 553, 558,653 N.E.2d 366.
 {¶ 20} We conclude appellant's Civ.R. 60(B) motion of November 29, 2005 has not been ruled upon by the trial court. Appellant's Second Assignment of Error is therefore found premature.
 {¶ 21} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed. Costs to appellant.
[1] Silverman Co. procured its own counsel and also responded to the complaint. As Silverman Co. has not participated in the within appeal, we will not recite details of its participation in the lower court proceedings unless they are relevant to the issues before us.