OPINION
{¶ 1} Appellant Lisa O'Brien, aka Leisa O'Brien, appeals from her divorce in the Stark County Court of Common Pleas, Domestic Relations Division. Appellee Mark O'Brien is appellant's former spouse. The relevant procedural facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on November 4, 1988. Two children were born of the marriage: Casey (born in 1992) and Connor (born in 1995). Appelleehusband filed a complaint for divorce on January 21, 2004, in the Stark County Court of Common Pleas, Domestic Relations Division. The court thereafter appointed a guardian ad litem for the children. The case was stayed for a time due to appellant's pending bankruptcy action, which resulted from appellant incurring credit card debts of over $200,000.00. The divorce action finally went to trial on January 24, 2006. Appellee appeared and was represented by counsel; appellant proceeded pro se upon the court's denial of her request for appointed counsel.
 {¶ 3} On February 2, 2006, the court issued a judgment entry of divorce, ordering inter alia that appellee pay spousal support to appellant in the amount of $2,500 per month for three years.
 {¶ 4} On February 24, 2006, appellant filed a notice of appeal. She herein raises the following three Assignments of Error:
 {¶ 5} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN MAKING ITS AWARD OF SPOUSAL SUPPORT, WHICH WAS INSUFFICIENT IN AMOUNT AND DURATION.
 {¶ 6} "II. THE TRIAL COURT ERRED IN DENYING APPELLANT THE OPPORTUNITY TO CROSS-EXAMINE THE GUARDIAN AD LITEM.
 {¶ 7} "III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST TO CONTINUE THE TRIAL, REQUIRING HER TO PROCEED PRO SE."
 I. {¶ 8} In her First Assignment of Error, appellant contends the trial court abused its discretion in awarding spousal support, in terms of amount and duration. We disagree.
 {¶ 9} A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion. Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. R.C. 3105.18(C)(1)(a) thru (n), infra, provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support. A trial court's decision not to acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C)(1) does not necessarily mean the evidence was not considered. Barron v. Barron, Stark App. No. 2002CA00239, 2003-Ohio-649.
 {¶ 10} R.C. 3105.18(C)(1) provides as follows:
 {¶ 11} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 12} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 13} The record reflects that the parties were married for seventeen years. Appellant has had limited employment since the mid-nineties, although she did have a consistent work history from 1984 to 1991. See Appellant's Deposition, Sept. 9, 2004, at 8-21. Appellant, age 39, took some college courses after high school, but did not obtain a college degree. Id. at 11. She apparently plans to run a home-based business, making chocolate candies for sale. The court found that appellant has been suffering from unspecified mental health issues, resulting in her hospitalization during the pendency of the divorce, although her physical health is good. Judgment Entry of Divorce at 3. The parties had a "comfortable" lifestyle; the marital home was valued at $170,000, with a mortgage balance of $108,059. Id. at 4. Appellee, age 42, has a bachelor's degree and earns approximately $125,000 per year.
 {¶ 14} Having reviewed the above facts and the pertinent portions of the record, we are not inclined to substitute our judgment for that of the trial judge, who concluded that $2,500 per month for three years would be appropriate and reasonable under R.C. 3105 .18(C). We further note the court maintained continuing jurisdiction over spousal support in this case, should circumstances change. Cf. Tyree v. Tyree, Licking App. No. 03 CA 89, 2004-Ohio-3967, ¶ 34.
 {¶ 15} Appellant's First Assignment of Error is overruled.
 II. {¶ 16} In her Second Assignment of Error, appellant contends the trial court erred by declining to allow her to cross-examine the children's guardian ad litem.
 {¶ 17} R.C. 3109.04(C) states as follows in pertinent part: "Prior to trial, the court may cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of each parent and may order the parents and their minor children to submit to medical, psychological, and psychiatric examinations. The report of the investigation and examinations shall be made available to either parent or the parent's counsel of record not less than five days before trial, upon written request. The report shall be signed by the investigator, and the investigator shall be subject to cross-examination by either parent concerning the contents of the report. * * *."
 {¶ 18} In the case sub judice, right after the trial court admitted the written report of the guardian ad litem, Attorney Karen Dummermuth, appellant stated as follows to the court: "I would like to ask [the guardian ad litem] questions. Because she has negligently represented my children. That's the purpose we have an in court camera (sic) interview with my children." Tr. at 31. The court then stated that the guardian ad litem report was "admitted automatically" and did not further address appellant's request. Id. We note appellant did not recite R.C. 3109.04(C) at that time, nor did she assert that Ms. Dummermuth was acting as an "investigator" pursuant to the statute.
 {¶ 19} Rule 17.03(A)(5) of the Stark County Local Rules of Court (Family Court Division) prohibits the guardian ad litem from participating in a hearing or trial unless specifically ordered by the court or agreed to by the parties. Furthermore, it is incumbent upon an appellant raising issues pertaining to the denial of crossexamination of a guardian ad litem to show prejudicial error. See Evans v. Evans (Sept. 20, 2001), Franklin App. Nos. 00AP-1459, 00AP-1466, citing Smith v.Smith (Dec. 28, 1999), Franklin App. No. 98AP-1641.[1] A prejudicial error is defined as one which affects or presumptively affects the final results of the trial. Linden v. Cooper Hall (Dec. 21, 1984), Ottawa App. No. OT-84-11 (citations omitted). Assuming, arguendo, R.C. 3109.04(C) was applicable to Ms. Dummermuth's guardian ad litem role in this matter, we find no demonstration of prejudicial error under the circumstances of this case. In particular, although appellant asserts that the court made " * * * a decision based on evidence which has not been subjected to the rigors of the adversarial process" (Appellant's Brief at 8), appellant does not otherwise articulate a challenge to the court's custody award in the present appeal. Since the details of the custody issue are not otherwise addressed on the merits, we find no showing of what effect the proposed cross-examination would have had on the outcome of the trial.
 {¶ 20} Accordingly, appellant's Second Assignment of Error is overruled.
 III. {¶ 21} In her Third Assignment of Error, appellant argues the trial court erred in denying her a continuance to obtain counsel.[2] We disagree.
 {¶ 22} The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court. Polaris VenturesIV, Ltd. v. Silverman, Delaware App. No. 2005 CAE 11 0080,2006-Ohio-4138, ¶ 14, citing State v. Unger (1981), 67 Ohio St.2d 65,423 N.E.2d 1078. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore, supra. A party does not have a guaranteed or constitutional right to be represented by counsel in a domestic relations proceeding.DiGuilio v. DiGuilio, Cuyahoga App. No. 81860, 2003-Ohio-2197, ¶ 16, quoting Rodriquez v. Rodriquez (April 29, 1983), Wood App. No. WD-82-78.
 {¶ 23} In the case sub judice, appellee filed for divorce in early 2004. Appellant filed her first request for continuance on December 14, 2004, the day set for trial. At a hearing on February 1, 2005, the court permitted appellant's first attorney to withdraw and informed appellant at that time that the case would go forward whether or not she had a new attorney. The trial was next scheduled for March 22, 2005. On March 21, 2005, appellant's second attorney filed a suggestion of stay due to appellant's bankruptcy. The trial was therefore stayed. Thus, during these time frames, appellant retained two different attorneys, but appeared for the twice-rescheduled trial on January 24, 2006 unrepresented. In light of these circumstances, we find no abuse of discretion by the trial court in denying the motion to continue the divorce trial.
 {¶ 24} Appellant's Third Assignment of Error is overruled.
 {¶ 25} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P. J. Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
Costs to appellant.
[1] We recognize that in In re Hoffman, 97 Ohio St.3d 92,2002-Ohio-5368, syllabus, the Ohio Supreme Court held: "In a permanent custody proceeding in which the guardian ad litem's report will be a factor in the trial court's decision, parties to the proceeding have the right to cross-examine the guardian ad litem concerning the contents of the report and the basis for a custody recommendation." However, the case sub judice does not involve permanent custody issues. See R.C. 2151.011(B)(30).
[2] Technically, appellant asked for appointed counsel only. Tr. at 4. However, the court stated it would neither appoint counsel nor grant another continuance for appellant to hire an attorney. Tr. at 4, 90-91.