DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, in which the trial court granted summary judgment to appellee, Liberty Savings Bank ("Liberty"), in a foreclosure action, and dismissed a counterclaim filed by appellant, Larry O. Doyle. On appeal, appellant sets forth the following three assignments of error:
 {¶ 2} "I. The trial court erred in not ruling on the defendant's motion for continuance under Rule 56(F) and allowing for discover[y] to be completed before ruling on the Motion for Summary Judgment.
 {¶ 3} "II. The trial court erred in granting appellees [sic] motion for summary judgment.
 {¶ 4} "III. The trial court erred in refusing to vacate the judgment entry."
 {¶ 5} The undisputed facts are as follows. On January 22, 1999, Brenda L. Jones purchased real estate located at 1822 Forest Avenue, Toledo, Ohio, with funds borrowed from Midwest Mortgage Specialists, Inc. The debt was secured by a note and mortgage, which were then assigned to Liberty. On July 14, 2000, Jones and Doyle executed a land contract agreement, in which Doyle agreed to make monthly payments to Jones, who was to continue making the mortgage payments to Liberty.
 {¶ 6} At some point in 2003, Jones stopped paying the mortgage. On November 24, 2003, Liberty filed a complaint in foreclosure against Jones, Doyle, the Lucas County Treasurer, and several other parties. On January 30, 2004, Jones filed an answer and cross-claim against Doyle for the balance due under the land contract agreement.
 {¶ 7} On March 29, 2004, Doyle answered the complaint and Jones' cross-claim. In addition, Doyle filed a counterclaim, in which he alleged that Liberty engaged in "discriminatory lending practices." Specifically, Doyle claimed that Liberty lends money to African-American citizens to purchase homes and then requires "stricter terms for such loans" based on the racial composition of the neighborhoods in which they are located.
 {¶ 8} That same day, Doyle caused interrogatories to be served on Liberty, in which he sought production of all documents evidencing the transaction between Liberty and Jones. In addition, Doyle asked for:
 {¶ 9} "each and every memorandum, writing document, letter, or electronic transmission or other tangible item sent by any officer, agent or employee of Liberty Savings Written policy regarding the following:
 {¶ 10} "a. demographics of borrowers i.e. race, income level, geographic placement
 {¶ 11} "b. number of outstanding loans and the number that are current, one month, two months, three months, etc. late
 {¶ 12} "c. Reinstatement policy
 {¶ 13} "d. All training manuals regarding default payments, foreclosure, and collections.
 {¶ 14} "* * * the number of loans written [by Liberty] in the state of Ohio and the race, gender, income and geographic area and interest rate of that loan. * * *"
 {¶ 15} Liberty answered Doyle's counterclaim on May 21, 2004. On July 7, 2004, the trial court stayed all proceedings in the case pending resolution of a Chapter 7 bankruptcy proceeding filed by Jones in the United States Bankruptcy Court for the Northern District of Ohio. The case was reinstated to the trial court's docket on September 22, 2004.
 {¶ 16} On October 20, 2004, Liberty filed a motion for summary judgment and a memorandum in support thereof. Attached to Liberty's motion were authenticated copies of the note and mortgage which were assigned to Liberty, and the land contract agreement between Jones and Doyle.
 {¶ 17} On December 3, 2004, Doyle filed a motion to compel discovery, in which Doyle alleged that Liberty "completely refused to provide answers and documents" in response to his discovery requests. On December 8, 2004, Liberty filed a reply in opposition to the motion to compel, along with a motion to dismiss Doyle's counterclaim. On December 17, 2004, Doyle asked the trial court to defer disposition of Liberty's summary judgment motion pending Liberty's full compliance with his discovery requests.
 {¶ 18} On January 12, 2005, the trial court granted Doyle an additional 28 days to respond to the motion to dismiss. On February 2, 2005, Doyle filed a response, in which he once again asserted that Liberty engaged in discriminatory lending practices.
 {¶ 19} On April 11, 2005, the trial court found that Doyle had not attempted to resolve the discovery issues with Liberty in accordance with Civ.R. 37(E),[1] and denied the motion to compel. On April 28, 2005, Doyle filed a second request for additional time to respond. In support, Doyle stated that additional time was needed "because the parties are engaged [in] discovery discussions * * *." On May 4, 2005, the trial court granted Doyle two additional weeks to file a response.
 {¶ 20} On May 13, 2005, Doyle filed a memorandum in opposition to summary judgment, in which he reasserted federal and state discrimination claims against Liberty. In support, Doyle attached his own affidavit, in which Doyle stated: a) he is an African-American; b) he is an "aggrieved person" pursuant to 42 U.S.C. § 3613; c) as an African-American, he is a member of a "protected class"; d) Liberty "is in violation of the laws of the State of Ohio and the relevent [sic] statutes and regulations of the United States"; and e) he has suffered emotional and monetary damages due to Liberty's actions. No other evidence was submitted in support of Doyle's claims. On July 12, 2005, Liberty filed a supplemental memorandum, in which it argued that Doyle presented no evidence of discriminatory or otherwise illegal actions by Liberty in connection with the foreclosure of Jones' loan.
 {¶ 21} On October 2, 2005, the trial court granted summary judgment to Liberty on both the complaint and Doyle's counterclaim. Accordingly, the trial court ordered the mortgage foreclosed, the premises sold, and the proceeds distributed to lienholders in the order of their priority. The trial court further found that no monetary judgment could be rendered against Jones as a result of the bankruptcy proceedings. On March 16, 2006, a "Notice of Sheriff's sale" was issued.
 {¶ 22} On March 29, 2006, Doyle filed a motion for relief from judgment pursuant to Civ.R. 60(B), in which he asserted that the October 2, 2005 judgment was obtained "by fraud and or mistake." On April 10, 2006, Doyle filed a notice of appeal.
 {¶ 23} In his first assignment of error, Doyle asserts that the trial court erred by not granting his motion for a continuance pursuant to Civ.R. 56(F). In support, Doyle argues that summary judgment cannot be granted before discovery has been completed, where the information sought is needed to oppose the motion and is within the exclusive control of the movant.
 {¶ 24} "Pursuant to Civ.R. 56(F), a party opposing summary judgment may seek a continuance to pursue further discovery in order to develop its opposition to the motion." Polaris Ventures IV, Ltd. v.Silverman, 5th Dist. No. 2005 CAE 11 0080, 2006-Ohio-4138, ¶ 14, citingVilardo v. Sheets, Clermont App. No. CA2005-09-081, 2005-Ohio-3473, ¶ 29. However, the granting or denial of such a motion is within the sound discretion of the trial court. Id. An abuse of discretion connotes more than a mere error of law or judgment, instead requiring a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 25} Doyle essentially argues on appeal that the trial court erred by not extending the time for his responses until after Liberty complied with all of his voluminous discovery requests. This argument is not well-taken for several reasons. First, as set forth above, the trial court denied Doyle's motion to compel discovery for failure to comply with Civ.R. 37(E). That decision was not appealed. Second, the trial court did, in fact, grant Doyle several extensions of time to respond to Liberty's summary judgment motion and motion to dismiss.
 {¶ 26} On consideration of the foregoing, we find the trial court's response to Doyle's motion for a continuance did not constitute an abuse its discretion. Doyle's first assignment of error is not well-taken.
 {¶ 27} In his second assignment of error, Doyle asserts the trial court erred by granting Liberty's motion for summary judgment. In support, Doyle argues that an issue of fact remains as to whether Liberty engaged in illegal, predatory lending practices, in violation of both state and federal law.
 {¶ 28} We note at the outset that an appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129; Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Initially, the party seeking summary judgment bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the moving party satisfied this initial burden, "the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E)[2] to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id.
 {¶ 29} As set forth above, Liberty's summary judgment motion was supported by documentation as to the location of the mortgaged property, the amount of the balance due on the note, and Jones' failure to make timely payments as required by the terms and conditions of the note and mortgage that she properly executed. Also attached to the motion was a copy of the land contract agreement between Jones and Doyle. In contrast, Doyle has submitted only his own affidavit, which contains the unsupported allegation that Liberty's alleged illegal lending practices caused Doyle to suffer emotional and monetary damages. Conspicuously absent from Doyle's response is any documentation as to the amount of such damages, or the exact nature and extent of Liberty's alleged illegal lending practices. Accordingly, Doyle has failed to meet his reciprocal burden, pursuant to Civ.R. 56(E).
 {¶ 30} After construing the admissible evidence presented most strongly in favor of the non-moving party, this court finds that no genuine issue of fact remains. Therefore, we can only conclude that Liberty is entitled to summary judgment as a matter of law. Doyle's second assignment of error is not well-taken.
In his third assignment of error, Doyle asserts the trial court erred by not granting his motion for relief from judgment pursuant to Civ.R. 60(B). In support, Doyle argues relief should have been granted because he did not receive notice of the October 2, 2005, judgment entry until March 20, 2006. We disagree, for the following reasons.
 {¶ 31} It is axiomatic that "[a] pending appeal from a final judgment divests a common pleas court of jurisdiction to consider a subsequently-filed Civ.R. 60(B) motion." Polaris Ventures IV, Ltd. v.Silverman, supra, ¶ 19. As set forth above, Doyle filed his Civ.R. 60(B) motion on March 29, 2006, and, on April 10, 2006, Doyle filed a notice of appeal. Accordingly, the trial court's failure to rule on Doyle's motion does not constitute error. However, we further note that, following the disposition of this appeal, "the common pleas court regains jurisdiction to determine the Civ.R. 60(B) motion." Id.
 {¶ 32} On consideration of the foregoing, we find that Doyle's third assignment of error is premature. It is, therefore, not well-taken.
 {¶ 33} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant, Larry O. Doyle, is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Liberty Sav. Bank v. Doyle C.A. No. L-06-1124
Mark L. Pietrykowski, P.J.
Arlene Singer, J.
George M. Glasser, J.
CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Civ.R. 37(E) states, in pertinent part, that, before filing a motion to compel discovery pursuant to Civ.R. 37(A), a party "shall make a reasonable effort to resolve the matter through discussion with the attorney * * * or person from whom discovery is sought. The motion shall be accompanied by a statement reciting the efforts made to resolve the matter in accordance with this section."
[2] Civ.R. 56(E) states that, "when a motion for summary judgment is made and supported * * * [an adverse] party's response by affidavit or * * * otherwise * * * must set forth specific facts showing that there is a genuine issue for trial. * * *."