OPINION
{¶ 1} Christopher Hamilton appeals from the trial court's entry of a default judgment against him and in favor of appellee Roy Thomason for $7,500 plus interest and costs.
 {¶ 2} Hamilton's brief lacks a proper assignment of error as required by *Page 2 
App. R. 16(A)(3). In his argument, however, he disputes the amount of Thomason's damages and requests a remand for the trial court to hold a hearing on the issue.
 {¶ 3} The record reflects that Thomason filed a breach-of-contract complaint against Hamilton in February 2007, alleging failure to repay a $5,000 loan. (Doc. #1). The prayer for relief sought judgment in the amount of $5,000 plus interest, costs, and reasonable attorney fees. Thomason later moved for a default judgment, requesting judgment in his favor for $7,500 plus costs. (Doc. #12). The trial court sustained the motion based on Hamilton's failure to file an answer or otherwise defend. (Doc. #13).
 {¶ 4} Hamilton subsequently filed a timely Civ. R. 60(B) motion for relief from judgment. Therein, he argued, inter alia, that he had made a payment on the loan and had performed work to be applied against the remaining balance. Hamilton also alleged that Thomason had engaged in fraud by misrepresenting the amount due under the loan and by requesting judgment for $7,500. While the Civ. R. 60(B) motion was pending, Hamilton filed the present appeal, thereby depriving the trial court of jurisdiction to proceed on his request for relief from judgment. See, e.g., Howard v. Catholic Social Services of Cuyahoga County, Inc.,70 Ohio St.3d 141, 147, 1994-Ohio-219. The trial court recognized its lack of jurisdiction and declined to rule on the pending motion absent a remand for that purpose.
 {¶ 5} We note, however, that Hamilton has not requested a stay of his appeal or a remand to obtain a ruling on his Civ. R. 60(B) motion. SeeG S Mfg. v. Lagos Lagos, Clark App. No. 2005 CA 72, 2007-Ohio-1507, ]}3 (recognizing our ability to stay an appeal and to order limited remand for resolution of pending Civ. R. 60(B) motion); Holbrook v. LexisNexis, 169 Ohio App.3d 345, 350, 2006-Ohio-5762, ¶ 18 (noting our *Page 3 
prior remand at appellant's request so trial court could resolve pending Civ. R. 60(B) motion). Instead, Hamilton has filed an appellate brief in which he raises the same issues contained in his pending Civ. R. 60(B) motion. He contends Thomason was not entitled to a default judgment in the amount of $7,500 because the loan was supposed to be interest-free and Thomason did not explain the basis for the increased damages request. He further argues that he made a $500 payment on the loan and performed $3,000 worth of work to be applied against the remaining balance. Based on these allegations, Hamilton asks us to "overrule" the trial court's decision and to remand the cause for a damages hearing.
 {¶ 6} Upon review, we find Hamilton's arguments in support of a damages hearing to be unpersuasive. There was no request for a hearing below, and "[i]t is within the trial court's discretion to decide whether an evidentiary hearing on damages is necessary following a default judgment." Myers Frayne Co., LPA v. Ivory, 175 Ohio App.3d 43,45, 2008-Ohio-428. We see no abuse of discretion in the trial court's failure to hold a hearing. Moreover, Hamilton's claims about making a $500 payment and working off part of his debt are more properly raised below as defenses to the breach-of-contract action. There is no evidentiary basis for us to consider these unsupported allegations.
 {¶ 7} We note, however, that one other issue raised in Hamilton's appellate brief is cognizable on appeal. He contends the trial court erred in entering a default judgment for $7,500 when the breach-of-contract complaint requested damages of only $5,000. In response, Thomason points out that his complaint actually sought judgment for $5,000 plus interest, costs, and attorney fees. Thomason then asserts that court-assessed *Page 4 
costs were $285 and his attorney fees were $2,500. He notes too that he requested interest from July 1, 2005, the date the $5,000 loan became due and payable. Therefore, Thomason contends he properly moved for and received a default judgment in the amount of $7,500.
 {¶ 8} The issue of damages is addressed in Civ. R. 54(C), which provides that "[a] judgment by default shall not be different in kind or exceed in amount that prayed for in the demand for judgment." In the present case, Thomason was entitled to a default judgment in the amount of $5,000 plus interest and costs. His demand for judgment prayed for these amounts, and an award of interest and costs is proper in a breach-of-contract action.[1] By Thomason's own admission, his costs were only $285. Under R.C. 1343.03(A), Thomason also was entitled to prejudgment interest at the statutory rate from July 1, 2005 until the trial court's June 25, 2007 entry of default judgment. But even taking these two years of interest and costs into account, his recoverable damages plainly did not approach the $7,500 awarded by the trial court.
 {¶ 9} Although Thomason also prayed for attorney fees in his complaint, such fees ordinarily are not recoverable in a breach-of-contract action. Indeed, absent a statute authorizing an award of attorney fees, the prevailing party cannot recover them unless the opposing party acted in bad faith. See, e.g., State ex rel. Chapnick v.East *Page 5 Cleveland City School Dist. Bd. of Edn., 93 Ohio St.3d 449, 452,2001-Ohio-1585. An exception sometimes arises when the parties contract to shift fees. Stonehenge Land Co. v. Beazer Homes Invests., Franklin App. Nos. 07AP-449, 07AP-559, 2008-Ohio-148, ¶ 34.
 {¶ 10} In the present case, Thomason's complaint contains no allegation that the parties' oral loan agreement allowed shifting attorney fees. Nor does Thomason's complaint contain any allegation of bad faith on the part of Hamilton. Therefore, we conclude that Thomason was entitled only to a default judgment in the amount of $5,000 plus interest at the statutory rate and costs. Because the trial court's award of $7,500 plainly exceeded this amount, we must reverse its judgment with respect to the damages award and remand the cause for recalculation of damages.[2]
 {¶ 11} Judgment affirmed in part, reversed in part, and cause remanded.
GRADY, J., and DONOVAN, J., concur.
(Hon. George Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)
Copies mailed to:
Hon. Stephen Wolaver
[1] Thomason's complaint alleges that Hamilton borrowed $5,000 on June 30, 2004 and was supposed to repay the money by July 1, 2005. On appeal, Hamilton claims the parties agreed to an interest-free loan, We note, however, that Thomason's complaint did not request interest for the one-year term of the loan. Instead, Thomason only sought interest commencing on July 1, 2005, when the loan became due and payable. Even if the parties agreed that Thomason would not charge interest during the term of the loan, he was entitled to prejudgment interest under R.C. 1343.03(A) once Hamilton failed to repay it.
[2] We note that our disposition of the present appeal will result in the trial court regaining jurisdiction to consider the other issues raised in Hamilton's timely Civ. R. 60(B) motion, which it had held in abeyance. See, e.g., Puls v. Puls, Montgomery App. No. 21029,2005-Ohio-6839, ¶ 20 ("Thus, once we issued our decision and the appeal was final, the trial court had jurisdiction to hear the Civ. R. 60(B) motion * * *."); Gillam v. Johnson (Oct. 20, 2000), Montgomery App. No. 18379 (observing "that nothing prevents an appellant from pursuing a Rule 60(B) motion for relief from judgment after the appellate court [has] ruled to affirm a final judgment of the trial court disposing of the case"); Liberty Savings Bank v. Jones, Lucas App. No. L-06-1124,2007-Ohio-198, ¶ 31; Polaris Ventures IV, Ltd. v. Silverman, Delaware App. No. 2005 CAE 11 0080, 2006-Ohio-4138, ¶ 19. *Page 1