**MYERS & FRAYNE CO., LPA, Appellant,**

v.

**IVORY et al., Appellees.**

[Cite as *Myers & Frayne Co., LPA v. Ivory,* 175 Ohio App.3d 43, 2008-Ohio-428.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21742.

Decided Feb. 1, 2008.

Anne M. Frayne, for appellant.

Richard & Tonya Ivory, pro se.

GLASSER, Judge.

{¶ 1} Plaintiff-appellant, Myers & Frayne Co., LPA, appeals from the allocation of damages pursuant to entries of default judgment in its favor. This case arises from Myers & Frayne's representation of defendants in litigation over a period of years. Defendants failed to pay Myers & Frayne for its services rendered during this period. Consequently, Myers & Frayne filed suit, attempting to recover its legal fees. Default judgment was subsequently entered against each defendant for failing to answer or otherwise appear in the matter within the statutorily proscribed time. The trial court declined to hold a hearing on the issue of damages, instead choosing to allocate the damages among the four defendants based on invoices attached to the complaint. Although Myers & Frayne agrees with the trial court's entry of default judgment, it does not agree with the court's allocation of damages.

{¶ 2} We conclude that under the circumstances, the trial court erred in declining to hold a hearing on damages. Accordingly, the judgment of the trial court is reversed, and the cause is remanded.

## I

{¶ 3} Myers & Frayne is a law firm located in Dayton, Ohio. The law firm entered into an agreement to represent defendant-appellees, The Latch–On Academy, Inc., The Crazy Lady, Inc., and Richard and Tonya Ivory, who are the individual shareholders of the corporate defendants. Myers & Frayne alleges that it had an agreement with the Ivorys, whereby they agreed to pay Myers & Frayne for its representation of the corporate defendants. After failing to receive payment for any of the legal services rendered, Myers & Frayne filed suit in February 2006 against these defendants, alleging breach of contract, action on account, and unjust enrichment.

{¶ 4} In April 2006, Myers & Frayne moved for default judgment pursuant to Civ.R. 55(A) because the defendants had failed to answer or otherwise appear in the matter within the statutorily proscribed period of time. On May 9, 2006, the trial court granted default judgment against defendant-appellee The Latch–On Academy, Inc. Judgment was entered against defendant The Latch–On Academy, Inc., in the amount of $201,301.05. The court refused to enter default judgment against the remaining defendants because Myers & Frayne had failed to perfect service on them. Thereafter, service was perfected on the remaining defendants, and Myers & Frayne again moved for default judgment. On June 30, 2006, the trial court, using the same rationale, granted default judgment against the remaining defendants. Judgment was subsequently entered in the amount of $3,017.80 against defendant Richard Ivory, in the amount of $1,092.38 against

defendant The Crazy Lady, Inc. and in the amount of $409.40 against defendant Tonya Ivory. Furthermore, the court awarded court costs to plaintiff-appellant, jointly and severally, from all defendants.

{¶ 5} In July 2006, Myers & Frayne filed a combined motion for reconsideration and demand for judgment under Civ.R. 54(C), in which it requested the court to reconsider its June 2006 decision, or, in the alternative, demanded that the court enter a final default judgment against all defendants in the amount of $218,882.80. Its basis was that the trial court had failed to properly allocate damages among the defendants. Its position was that as the actual and beneficial owners of the corporate defendants, Richard and Tonya Ivory should be held individually liable for the entire judgment amount. The trial court denied the motion because Myers & Frayne had failed to pierce the corporate veil. From this judgment, Myers & Frayne appeals.

## II

{¶ 6} Myers & Frayne's first assignment of error is as follows:

{¶ 7} "The trial court erred by failing to enter judgment in the amount of $218,882.80 and costs against Richard Ivory and Tonya Ivory, individually, who had agreed to pay for the legal services of Myers & Frayne Co., L.P.A., for The Latch–On Academy, Inc., The Crazy Lady, Inc., and themselves and requested such legal services and received the benefit thereof."

{¶ 8} Under the first assignment of error, Myers & Frayne argues that an oral agreement existed, whereby Richard and Tonya Ivory agreed to pay for the legal representation of themselves and the corporate defendants. Myers & Frayne contends that it subsequently undertook that representation, and in reliance on the promise to pay by the Ivorys, incurred legal fees and court costs amounting to $218,882.80. No payments were ever made by the Ivorys on this debt. The trial court granted default judgment in favor of Myers & Frayne, allocating the judgment amount among the four defendants based on the invoices attached to the complaint. Myers & Frayne asserts that this allocation was incorrect because Richard and Tonya Ivory were unjustly enriched by the representation and should be held personally liable for the entire judgment amount.

{¶ 9} It is within the trial court's discretion to decide whether an evidentiary hearing on damages is necessary following a default judgment. *Buckeye Supply Co. v. Northeast Drilling Co.* (1985), 24 Ohio App.3d 134, 136, 24 OBR 206, 493 N.E.2d 964. Here, at the court's discretion, no hearing was held on the issue of damages. Instead, the court relied on invoices attached to the complaint in allocating damages among the defendants. We find, under the circumstances present in this matter, that a hearing was necessary to determine

whether the Ivorys are personally responsible for the legal services rendered by Myers & Frayne to the corporate defendants. Although a specific amount was alleged, the issue of who was responsible to pay that amount was unresolved. Thus, having an evidentiary hearing on damages was the proper way to resolve this issue. Therefore, we conclude that this matter be remanded to the trial court for a hearing on damages.

{¶ 10} Myers & Frayne's sole assignment of error is sustained.

## III

{¶ 11} Myers & Frayne's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this matter is remanded for a hearing in accordance with law and consistent with this opinion.

Judgment reversed
and cause remanded.

WOLFF, P.J., and GRADY, J., concur.

GEORGE M. GLASSER, J., retired, of the Sixth Appellate District, sitting by assignment.