[Cite as *Hull v. Clem D's Auto Sales*, 2012-Ohio-629.]

IN THE COURT OF APPEALS FOR DARKE COUNTY, OHIO

RONDA HULL, et al.                          :

    Plaintiffs-Appellees                    :           C.A. CASE NO. 2011 CA 6

v.                                          :           T.C. NO.    10-CVF-001-1343

CLEM D's AUTO SALES                         :             (Civil appeal from
                                                              Municipal Court)
    Defendant-Appellant                 :

                                            :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ____17th____ day of ____February____, 2012.

· · · · · · · · · ·

JAY M. LOPEZ, Atty. Reg. No. 0080819, 18 East Water Street, Troy, Ohio 45373
    Attorney for Plaintiffs-Appellees

RICHARD A. F. LIPOWICZ, Atty. Reg. No. 0018241, 130 W. Second Street, Suite 1900,
Dayton, Ohio 45402
    Attorney for Defendant-Appellant

· · · · · · · · · ·

FROELICH, J.

{¶ 1} Clem D's Auto Sales appeals from a judgment of the Darke County Municipal Court, which granted a default judgment to Tom Hull and Ronda Hull in the amount of $15,000.

{¶ 2} According to the Hulls, in March 2010, the Hulls and Clem D's Auto Sales

entered into a written contract for the purchase of a 2000 Pontiac Montana from Clem D's Auto Sales for $2,669.38. The Hulls paid a $2,000 deposit. When the Hulls returned in March to pay the remaining balance, they were told that the purchase price had increased to $4,000, and their payment was refused. In June 2010, Clem D's Auto Sales filed paperwork with the Ohio Bureau of Motor Vehicles to repossess the title, and the company subsequently repossessed the car from the Hulls' residence.

{¶ 3} In December 2010, the Hulls filed a complaint against Clem D's Auto Sales in the municipal court, alleging breach of contract, unlawful possession of the automobile, fraud, and violation of the Ohio Consumer Sales Practices Act. For the first, second, and third claims, the Hulls sought damages "in an amount to be determined at trial, but believed not to be in excess of $15,000.00." With respect to the Ohio Consumer Sales Practices Act claim, they sought damages "in an amount to be determined at trial plus treble damages and attorney fees as allowed under Ohio law." The Hulls further requested post-judgment interest, court costs, all attorney fees, and any other relief available to them.

{¶ 4} Clem D's Auto Sales was served by certified mail on December 15, 2010. The company did not file an answer or otherwise respond to the complaint. On January 20, 2011, the Hulls filed a motion for a default judgment in the amount of $15,000, plus statutory interest, the return of the 2000 Pontiac Montana, and court costs. The same day, the court granted the motion and entered a judgment ordering the requested relief. The Hulls subsequently moved for an order directing the Ohio Bureau of Motor Vehicles to convey title of the Pontiac Montana to Ronda Hull. The court also granted that motion.

{¶ 5} Clem D's Auto Sales appeals from the trial court's judgment. Its sole

assignment of error states: "The Trial Court Erred by Not Conducting a Hearing on Damages or Requiring an Affidavit or Other Proof of Damages Before Awarding Plaintiffs-Appellees a Default Judgment."

{¶ 6} Default judgments are governed by Civ.R. 55, which provides, in part:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor[.]   * * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages * * *, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.   Civ.R. 55(A).

{¶ 7} The trial court has the discretion to determine whether a hearing on damages is necessary upon a default judgment.   *Id*.; *e.g*., *Thomason v. Hamilton*, 2d Dist. Greene No. 07-CA-60, 2008-Ohio-3492, ¶6, citing *Myers & Frayne Co., LPA v. Ivory*, 175 Ohio App.3d 43, 45, 2008-Ohio-428, 884 N.E.2d 1145 (2d Dist.)   "Proof of damages is not required before a default judgment can be granted in an action filed upon a liquidated damage claim based upon an account.   However, when the judgment is not liquidated, or only partially liquidated, it is reversible error for the trial court to enter a default judgment without holding a hearing on the damages issue."   (Citations omitted.)   *Mid-American Acceptance Co. v. Reedy*, 11th Dist. Lake No. 89-L-14-072, 1990 WL 94816, *2 (June 29, 1990); *see also, e.g., Qualchoice, Inc. v. Brennan*, 11th Dist. Lake No. 2008-L-143, 2009-Ohio-2533, ¶ 21; *W2*

*Properties, LLC v. Haboush*, 1st Dist. Hamilton No. C-100698, 2011-Ohio-4231, ¶ 29.   As stated by the Tenth District:

> "[W]hen the complaint and the motion for default judgment clearly set forth the amount of damages" and reveal the amount to be ascertainable, "the trial court does not abuse its discretion in relying on the amount asserted" in the complaint.  If, by contrast, "the determination of damages necessarily requires consideration of information outside a written instrument, the trial court abuses its discretion in failing to hold an evidentiary hearing to determine the exact amount of damages."  (Citations omitted.)  *Am. Communications of Ohio, Inc. v. Hussein*, 10th Dist. Franklin No. 11AP-352, 2011-Ohio-6766, ¶ 16.

**{¶ 8}**   In this case, three of the Hulls' claims alleged damages in an amount to be determined at trial, but not more than $15,000, the jurisdictional limit of the municipal court.  See R.C. 1901.17.  For the Ohio Consumer Sales Practices Act claim, the Hulls also requested an unspecified amount of damages, plus treble damages and attorney fees.  The Hulls did not detail the amount of damages that they had suffered for each claim, and nothing in the record indicated the amount of attorney fees that had been expended on the Ohio Consumer Sales Practices Act claim.

**{¶ 9}**   There is nothing in the record to support the trial court's judgment against Clem D's Auto Sales in the amount of $15,000.  That amount appears to be based on the jurisdictional limits of the municipal court, rather than the actual damages suffered by the Hulls.  In the absence of any support in the record for the amount of damages, the trial court

abused its discretion in entering judgment against Clem D's Auto Sales for $15,000 without first conducting an evidentiary hearing on damages.

{¶ 10} The assignment of error is sustained.

{¶ 11} The trial court's judgment will be reversed, and the matter will be remanded for a hearing on monetary damages.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Jay M. Lopez
Richard A. F. Lipowicz
Hon. Julie L. Monnin