[Cite as *S.V., Inc. v. Casey*, 2013-Ohio-1882.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| S.V., INC. | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | Case No. 12 CAE 07 0043 |
| CLARA JANE CASEY, TRUSTEE OF | : | |
| THE CLARA JANE CASEY | : | |
| REVOCABLE LIVING TRUST DATED | : | |
| AUGUST 7, 2001 | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of
                            Common Pleas, Case No. 09CVH121679


JUDGMENT:                   AFFIRMED


DATE OF JUDGMENT ENTRY:     May 3, 2013


APPEARANCES:

For Appellant:                          For Appellee:

AMELIA A. BOWER                         DAVID J. GORDON
300 E. Broad St., Suite 590             SCOTT M. GORDON
Columbus, OH 43215                      40 N. Sandusky St.
                                        Delaware, OH 43015

                                        MICHAEL J. SIKORA III
                                        RICHARD T. CRAVEN
                                        88 W. Main St.
                                        Columbus, OH 43215

*Delaney, P.J.*

{¶1} Plaintiff-Appellant S.V., Inc. appeals the June 18, 2012 judgment entry of the Delaware County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2} This appeal involves a dispute between two adjoining property owners and the existence of two easements. Plaintiff-Appellant S.V., Inc. owns 8.83 acres of property next to 2.507 acres of property owned by Defendant-Appellee Clara Jane Casey, Trustee of the Clara Jane Casey Revocable Trust Dated August 7, 2001.

{¶3} S.V. claims it has an easement for ingress and egress across the western part of Casey's 2.507 acres. This easement shall henceforth be known as the "Casey Easement."

{¶4} Casey claims she has an easement from State Route 257 along the northern property line of S.V.'s property to the northwest corner of Casey's property. This easement shall henceforth be known as the "S.V. Easement."

### Hoelcher Property

{¶5} On November 19, 1951, Walter R. Hoelcher became the fee simple owner of a 12.5 acre parcel located on State Route 257 in southwest Delaware County, Ohio. In 1953, Walter Hoelcher had his property surveyed by C.G. Anderson #2792. This survey is known as Survey 126. Survey 126 was filed with the Delaware County Engineers Office under Volume 11, Page 81. For ease of discussion, the image of Survey 126 is shown below. This Court has added the labels to Survey 126 to designate the easements in question to aid the reader in understanding the complexities of this case.



{¶6}   The original 12.5 acres purchased by Hoelcher had approximately 805 feet of frontage on State Route 257.  In the middle of the 12.5 acres, there is a steep incline bisecting the property on a diagonal from north to south.

{¶7}   Survey 126 shows five smaller tracts plotted out on the east side of the 12.5 acre tract.  The steep incline crossing the property was the western edge of the smaller tracts.  Hoelcher did not divide the western side of the property bordering State Route 257 into tracts.

{¶8}   There is an easement on the southern end of the Hoelcher property, giving Hoelcher additional access from State Route 257 to his properties including those on the eastern end.  The southern Hoelcher easement is not part of the present case.

Casey Property

{¶9}   In May 1953, Hoelcher conveyed a 1.51 acre tract, part of his original 12.5 acres, to Lucille M. Schmidt and Janet Schmidt by a General Warranty Deed, Deed Volume 257, Page 48 ("1953 Deed").  The 1953 Deed was not recorded until April 15, 1955.  The 1.51 acre tract has the same dimensions and location as set out for the northern most lot shown in Survey 126.

{¶10} The 1953 Deed contained the following easement language:

Reserving an easement for the use of grantees of other premises sold by the grantors [Hoelcher] and for the grantors heirs and assigns to use a 16 ft. driveway across the west side of the premises conveyed for ingress and egress.  [Casey Easement]

The sum of $10.00 per year is to be paid for maintenance of this road, said road fund to be kept by Treasurer to be selected by owners using said right of way, to repair road until said fund reach as the amount of $60.00, then no collection to be made.

{¶11} The easement across the western portion of the 1.51 acre tract is seen in Survey 126.

{¶12} The 1.51 acre tract had no road frontage and was landlocked.  The property's only outlet to State Route 257 was along the north property line of the western tract of the acreage retained by Hoelcher.  This access is shown on Survey 126.

{¶13} In March 1955, Hoelcher conveyed an additional 0.046 acre tract out of his original 12.5 acres to Lucille Schmidt and Janet Schmidt by Warranty Deed, Deed

Volume 263, Page 344 ("1955 Deed"). The 15 foot by 135 foot tract was not drawn separately on Survey 126, but was part of the northern most 0.97 acre tract. The 0.046 acre tract adjoins the original 1.51 acres on its southeast corner and extends across the eastern side of the northern 0.97 acres. The 1955 Deed does not contain any easement language.

{¶14} An aerial taken of the Hoelcher and Schmidt properties in 1957 show two easements in white in the approximate location as shown in Survey 126. An easement can be seen across the north property line of the Hoelcher western tract extending from State Route 257 to the northwestern corner of the Schmidt property. The second easement can be seen along the south property line of the Schmidt property. An improved driveway between the two easements is obstructed by trees.

{¶15} In May 1958, Hoelcher conveyed to Paul W. Schmidt and Janet M. Schmidt an additional 0.924 acre parcel ("1958 Deed"). The 0.924 parcel and the 0.046 parcel previously deeded to the Schmidts in the 1955 Deed make up the 0.97 acre tract seen in Survey 126. The 0.97 acre tract is directly south of the 1.51 acre tract.

{¶16} The 1958 Deed contains the following easement language:

Reserving an easement for the use of grantees of other premises sold by the grantors and for the grantors, their heirs and assigns to use a 16 ft. driveway across the premises conveyed as shown on a plat of said premises recorded in Vol. 11, Page 81 Survey No. 126, County Engineers Office, Delaware, Ohio. [Casey Easement]

The sum of $10.00 per year is to be paid for maintenance of this road, said road fund to be kept by Treasurer to be selected by owners using said right of way, to repair road until said fund reach as the amount of $60.00, then no collection to be made. Subject to all conditions, restrictions and easements, if any, contained in prior deeds and of record.

The portion of the Casey Easement that runs along the south end of the Casey property is split between the Casey property and the Hoelcher property. Eight feet of the easement is on the Casey Property and eight feet of the easement is on the Hoelcher property.

{¶17} The properties owned by the Schmidt family from May 1953 to January 2000 consisted of the 1.51 acre parcel, 0.046 acre parcel, and 0.924 acre parcel. A survey done in October 1998 set the acreage at 2.507. In 2000, Clara and Raymond Casey purchased the 2.507 acre parcel from Daniel Stickler, who acquired the property from the Schmidts. Stickler had a trailer on the property but did not reside there.

{¶18} On January 28, 2000, Lawyers Title Agency of Delaware, Inc. faxed a Commitment for Title Insurance to counsel for the Caseys that identified the real estate as follows:

Situated in the State of Ohio, County of Delaware and in the Township of Concord and containing 2.507 acre tract, more or less, and being more particularly described as Exhibit "A" as attached hereto.

Together with rights for a 16 foot wide non-exclusive easement for ingress and egress to the above described 2.507 acre tract as set forth in Deed Book 375, Page 532, Delaware County Recorder's Office, and shown in Survey Volume 11, Page 81, Delaware County Map Room [S.V. Easement].

{¶19} The Commitment included the following:

Together with rights for a 16 foot wide non-exclusive easement for ingress and egress to the above described 2.507 acre tract as set forth in Deed Book 375, Page 532, Delaware County Recorder's Office, and shown in Survey Volume 11, Page 81, Delaware County Map Room.

This deed is executed and delivered by Grantor and accepted by Grantees subject to all legal highways and subject to and with all restrictions, easements, conditions, limitations, and reservations of record and to zoning restrictions which have been imposed thereon. Also excepting all taxes and assessments, if any pro-rated to the date hereof and after which Grantees assume and agree to pay.

{¶20} The Commitment excepted:

Easement and restrictions appearing of record in Deed Book 276, Page 255, Delaware County Recorder's Office, dated 5/3/58, filed for record 5/15/58 at 11:15 A.M.

Easement and restrictions appearing of record in Deed Book 257, Page 48, Delaware County Recorder's Office, dated 5/1/53, filed for record 4/14/55 at 12:30 P.M.

Easement as shown in Survey Volume 11, Page 81, Delaware County Map Room

{¶21} At closing, Daniel Stickler conveyed the 2.507 acre parcel to Raymond R. Casey and Clara J. Casey by Warranty Deed, Deed Volume 19, Page 395 ("2000 Deed"). The 2000 Deed contains the following:

Together with rights for a 16 foot wide non-exclusive easement for ingress and egress to the above described 2.507 acre tract as set forth in Deed Book 375, Page 532, Delaware County Recorder's Office, and shown in Survey Volume 11, Page 81, Delaware County Map Room. [S.V. Easement]

* * *

Reserving an easement for the use of grantees of other premises, their heirs, and assigns to use a 16 foot driveway across the premises conveyed as shown on the plat of premises (now 8.968 acre tract) as recorded in Volume 11, Page 81, Survey No. 126, County Engineers Office Delaware, Ohio. [Casey Easement]

Reserving an easement for the use of grantees of other premises sold by the grantors and for the grantors, their heirs and assigns to use a 16 ft. driveway across the premises conveyed as shown on a plat of said premises recorded in Vol. 11, Page 81, Survey 126, County Engineers Office Delaware, Ohio. [Casey Easement]

{¶22} Raymond and Clara Casey built a home on the property. They improved the easements because it was the driveway to the home. On September 10, 2011,

Clara Casey conveyed the 2.507 acre parcel to Defendant-Appellee Clara Jane Casey, Trustee of the Clara Jane Casey Revocable Living Trust dated August 7, 2001, Deed Volume 132, Page 387 ("2001 Quit-Claim Deed").

<u>S.V. Property</u>

{¶23} Walter Hoelcher died on August 1, 1962. Survey Volume 11, Page 121 was completed on October 24, 1964 showing the land Walter Hoelcher owned at the time of his death. The certificate of transfer recorded at his death showed that Hoelcher owned 8.83 acres when he died: the original 12.5 acres less the three tracts sold to the Schmidts. The 8.83 acres is the property currently owned by Plaintiff-Appellant S.V., Inc.

{¶24} On April 21, 1972, Mildred Hoelcher, widow of Walter Hoelcher, transferred the remainder of the 12.5 acre tract consisting of 8.83 acres to Richard F. Glesenkamp and Phyllis Ann Glesenkamp through Deed Volume 364, Page 164. The Hoelcher to Glesenkamp Deed stated the conveyance was, "[s]ubject to all highways and easements of record."

{¶25} By warranty deed dated May 7, 1973, the Glesenkamps deeded the property consisting of the remainder of the Hoelcher tract of 8.83 acres to Lucille M. Burkett and Naomi M. Allenbaugh through Deed Volume 375, Page 530. The deed included the following language:

> But subject to a 16 foot wide easement to Lucille and Janet Schmidt and to Paul W. and Janet M. Schmidt, as shown in survey Volume 11, Page 81, across the entire North Line of the above described tract. [S.V. Easement]

Also conveyed herewith is the easement reserved for ingress and egress across the lands of Lucille and Janet Schmidt (Deed Book 257, page 48, and Deed Book 263, page 344) and Paul W. and Janet M. Schmidt (Deed Book 276, page 255), see survey Volume 11, page 81; the above described tract is also subject to all other rights of way of record or easements of record, if any. [Casey Easement]

{¶26} Naomi M. Allenbaugh conveyed her rights in the 8.83 acres to Lucille M. Burkett on April 6, 1989 through Deed Volume 511, Page 792. Lucille Burkett used the property for her weekend home and bird watching.

{¶27} By deed dated May 16, 2007, Lucille M. Burkett conveyed the 8.83 acres to S.V., Inc. with some additional acreage (Deed Volume 789, Page 1038). S.V., Inc. is owned by Vishu Vishwanath and his brother. Vishwanath purchased the property at auction. The 2007 Deed included the following language:

But subject to a 16 foot wide easement to Lucille and Janet Schmidt and to Paul W. and Janet M. Schmidt, as shown in survey Volume 11, page 81, across the entire North line of the above described tract. [S.V. Easement]

Also conveyed herewith is the easement reserved for ingress and egress across the lands of Lucille and Janet Schmidt (Deed Book 257, page 48, and Deed Book 263, page 344) and Paul W. and Janet M. Schmidt (Deed Book 276, page 255), see survey Volume 11, page 81. The above described tract is also subject to all other rights of way of record or easements of record, if any. [Casey Easement]

{¶28} S.V. purchased the 8.83 acres with the intention of developing the property into separate residential lots for sale. In order to develop the land, S.V. attempted to utilize the Casey Easement for ingress and egress. Casey would not permit S.V. to use the Casey Easement.

{¶29} On December 2, 2009, S.V. filed a complaint for declaratory judgment, quiet title, adverse possession, and money damages against Casey in the Delaware County Court of Common Pleas. S.V. argued it was the fee simple owner of the dominant estate and the Casey Easement was valid and enforceable against Casey, as the fee simple owner of the servient estate.

{¶30} Casey filed an amended counterclaim on August 2, 2010. In the amended counterclaim, Casey argued negligence by S.V. in their actions as to the Casey Easement and that the S.V. Easement was an easement by necessity.

{¶31} During the pendency of the case, the trial court conducted an inspection of the S.V. property and the Casey Property.

{¶32} The trial court held a bench trial on the complaint and amended counterclaim beginning May 9, 2012. At trial, the first issue was whether the alleged Casey and S.V. Easements were valid easements. The second issue was if the Casey Easement was valid, what land did the Casey Easement intend to service.

{¶33} On June 18, 2012, the trial court issued its judgment entry. In its judgment entry, the trial court granted S.V.'s complaint for declaratory judgment. It declared S.V. was the dominate estate over the Casey Easement, the 16 foot easement for ingress and egress on Casey's 2.507 acres of property. The trial court limited the appurtenant rights to the Casey Easement to the 4.34 acres owned by S.V.

located directly south of the Casey Property. To assist the reader, we include the diagram below to show the trial court's conclusion:



{¶34} The trial court denied S.V.'s claims to quiet title and for adverse possession. The trial court did not award S.V. any damages.

{¶35} The trial court further found Casey established there was a 16 foot wide easement by necessity from the northwest corner of the Casey Property across the entire western tract of the S.V. Property, the S.V. Easement. The trial court dismissed Casey's remaining claims of negligence.

{¶36} It is from this judgment S.V. now appeals.

**ASSIGNMENTS OF ERROR**

{¶37} S.V. raises two Assignments of Error:

{¶38} "I. THE TRIAL COURT ERRED IN BIFURCATING APPELLANT'S ACCESS THROUGH THE CASEY EASEMENT.

{¶39} "A. THE TRIAL COURT'S CONCLUSION THAT WALTER HOELCHER INTENDED TO RESERVE ACCESS TO THE THREE PARCELS SOUTH OF THE CASEY PROPERTY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.

{¶40} "B. THE STANDARD OF REVIEW AS TO EASEMENTS IS WHETHER THE TRIAL COURT'S JUDGMENT IS SUPPORTED BY SOME COMPETENT, CREDIBLE EVIDENCE GOING TO ALL THE ESSENTIAL ELEMENTS OF THE CASE.

{¶41} "C. THE CASEY EASEMENT WAS PROPERLY RESERVED TO MR. HOELCHER, HIS HEIRS AND ASSIGNS, AND IS NOT SUBJECT TO THE LIMITATIONS IMPOSED BY THE TRIAL COURT.

{¶42} "II. THE TRIAL COURT ERRED IN FINDING THAT THE SV EASEMENT IS STRICTLY NECESSARY TO THE BENEFICIAL ENJOYMENT OF THE CASEY PROPERTY.

{¶43} "A. THE DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.

{¶44} "B. AN APPELLATE COURT MAY REVERSE A TRIAL COURT DECISION AS BEING AGAINST THE WEIGHT OF THE EVIDENCE WHEN THE TRIAL COURT DECISION IS NOT BASED ON SOME COMPETENT, CREDIBLE EVIDENCE GOING TO ALL ESSENTIAL ELEMENTS OF THE CASE.

{¶45} "C. MRS. CASEY HAS NOT MET THE REQUIREMENTS FOR AN EASEMENT BY NECESSITY.

{¶46} "D. AS THE HOLDER OF THE SERVIENT ESTATE, S.V. INC IS ENTITLED TO MOVE THE SV EASEMENT."

**ANALYSIS**

<u>Assignment of Error No. 1 – The Casey Easement</u>

{¶47} S.V. agrees with the trial court's determination that the S.V. Property is the dominant estate over the Casey Easement and the Casey Property is the servient estate. Casey did not file a cross appeal of that finding. The sole contention raised by S.V. in its first Assignment of Error is that the trial court erred in concluding the appurtenant rights to the Casey Easement are limited to the 4.34 acres owned by S.V. located directly south of the Casey Property and not to the entire 8.83 acres of the S.V. Property. We disagree.

{¶48} The trial court conducted a bench trial on this case. As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base his or her judgment. *Peterson v. Peterson,* 5th Dist. No. CT2003–0049, 2004-Ohio-4714, ¶ 10, citing *Cross Truck v. Jeffries,* 5th Dist. No. CA–5758, 1982 WL 2911 (Feb. 10, 1982). Questions of law are reviewed by the court de novo. *Erie Ins. Co. v. Paradise,* 5th Dist. No.2008CA00084, 2009-Ohio-4005, ¶ 12.

{¶49} In *Eastley v. Volkman,* 132 Ohio St.3d 328, 2102-Ohio-2179, 972 N.E.2d 517, the Ohio Supreme Court clarified the standard of review appellate courts should apply when assessing the manifest weight of the evidence in a civil case. *SST Bearing Corp v. Twin City Fan Companies, Ltd.,* 1st Dist. No. C110611, 2012-Ohio-

2490, ¶ 16. The Ohio Supreme Court held the standard of review for manifest weight of the evidence for criminal cases stated in *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), is also applicable in civil cases. *Eastley,* at ¶ 17-19. A reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine "whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Eastley,* at ¶ 20 quoting *Twearson v. Simon,* 141 Ohio App.3d 103, 115, 750 N.E.2d 176 (9th Dist.2001); *See also Sheet Metal Workers Local Union No. 33 v. Sutton,* 5th Dist No. 2011 CA00262, 2012-Ohio-3549 citing *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶50} "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Eastley,* at ¶ 19.

{¶51} An easement is a grant of only limited use of the land. *Diemling v. Kimble*, 5th Dist. No. 11AP120047, 2012-Ohio-3323, ¶ 7 citing *Crane Hollow, Inc. v. Marathon Ashland Pipeline, LLC*, 138 Ohio App.3d 57, 66, 740 N.E.2d 328 (2000). This appeal involves "easements appurtenant," which are "easements that typically benefit and/or burden two separate parcels of land, i.e., the dominant tenement (the land benefited) and the servient tenement (the land encumbered by the easement)." *Queen v. Hanna*, 4th Dist. No. 11CA3447, 2012-Ohio-629, -- N.E.2d --, ¶ 34 citing *Dunn v. Ransom,* 4th Dist. No. 10CA806, 2011-Ohio-4253, ¶ 29.

{¶52} "An easement may be created by specific grant, prescription, or implication that may arise from the particular set of facts and circumstances." *Queen, supra* citing *Fitzpatrick v. Palmer,* 186 Ohio App.3d 80, 2009-Ohio-6008, 926 N.E.2d 651, ¶ 22 (4th Dist.). In this case, the Casey Easement is a written easement created by an express grant. The parties do not dispute the Casey Easement is an express easement. "A written easement that contains an express grant will be interpreted based upon the language contained in that grant." *Johnson v. Keith*, 12th Dist. No. CA2012-04-032, 2013-Ohio-451, ¶ 35 citing *Proffitt v. Plymesser,* 12th Dist. No. CA2000–04–008, 2001 WL 708884 (June 25, 2001). When interpreting the terms of a written easement, the court must following the ordinary rules of contract construction so as to carry out the intent of the parties as demonstrated by the language in the contract. *Diemling*, 2012-Ohio-3323, ¶ 7 citing *Lakewood Homes v. BP Oil, Inc.*, 3rd Dist. No. 5-98-29, 1999 WL 693152 (Aug. 26, 1999).

{¶53} The issue before the trial court was the intent of the parties as to the scope of easement. The trial court summarized this issue during the bench trial, "[n]ow, from what you said basically the real issue before this court is what lands does that easement, that 16 foot easement on, the Casey property, what was it intended to service; is that correct?" (Trial Tr. 381-382.) The trial court concluded the Casey Easement served only the 4.34 acres of the S.V. Property. S.V. argues the scope of the Casey Easement is to serve the entire 8.83 acres of S.V. Property. If the question is the scope of an easement, the trial court must look to the language of the easement to determine the extent. If there is no specific delineation of the easement, or if the document is ambiguous, then the court must look to the surrounding circumstances in

order to determine the intent of the parties. *Diemling*, 2012-Ohio-3323, ¶ 8 citing *Murray v. Lyon*, 95 Ohio App.3d 215, 219, 642 N.E.2d (1994). The language of the easement, coupled with the surrounding circumstances, is the best indication of the extent and limitations of the easement. *Diemling*, 2012-Ohio-3323, ¶ 8 citing *Apel v. Katz*, 83 Ohio St.3d 11, 17, 697 N.E.2d 600 (1999).

{¶54} The 1953 Deed from Hoelcher to Schmidt, transferring 1.51 acres, referred to the first Casey Easement as follows:

Reserving an easement for the use of grantees of other premises sold by the grantors and for the grantors heirs and assigns to use a 16 ft. driveway across the west side of the premises conveyed for ingress and egress.

{¶55} The 1958 Deed from Hoelcher to Schmidt, transferring 0.924 acres, referred to the Casey Easement on that parcel as follows:

Reserving an easement for the use of grantees of other premises sold by the grantors and for the grantors, their heirs and assigns to use a 16 ft. driveway across the premises conveyed as shown on a plat of said premises recorded in Vol. 11, Page 81 Survey No. 126, County Engineers Office, Delaware, Ohio.

{¶56} In making its determination the 4.34 acres of the S.V. Property was appurtenant to the Casey Easement, the trial court concluded in the June 18, 2012 judgment entry:

The land being retained by Walter R. Hoelcher to the south of the Schmidt's property was transversed by a steep incline running diagonally

north to south (Compare the Survey, Def. Ex. I and Photos-Def. Ex. H-1 thru H-8). This made the 16 foot reserved easement across the Schmidts western property the best access to this remaining 4.34 acres located south of the Schmidts. *See Def. Ex. I.*

Hoelcher obviously recognized these facts and had a survey completed by C.G. Anderson #2797 and filed with the Delaware County Engineers office. [sic] Survey No. 126, Volume 11, Page 81. *See P. Ex. 1.* * * *

Having found that S.V., Inc. has the right to access the easement across the Casey's western property, the next question is what is the "dominate estate" and what land is "appurtenant" to the easement. "To determine whether an easement is appurtenant or is in gross" it is necessary to determine the intent of the parties from the four corners of the document involved and, if necessary, the surrounding circumstances." *Village of Wallbridge v. Carroll*, 172 Ohio App[.]3d 429, 875 N.E.2d 1046. Plaintiff S.V., Inc.'s land consisting of approximately 4.34 acres to the south of the Casey property is almost inaccessible because of the steep incline cutting it off from State Route 257. *Def. Ex. I and Def. Ex. L.* It is clear that Walter Hoelcher, who first reserved the easement, understood this problem and reserved access through the Casey property. The Court finds the dominant estate consists of only part of the remaining 8.83 acres retained by Walter K. Hoelcher and his wife when they reserved the two easements in the 1953 Deed and 1958

Deed for property now owned by Plaintiff S.V., Inc. The language of the easement reservation within those deeds states that the easement is for the "Grantees" of Hoelcher's other property sold by the "Grantors." This would include the acreage within the three remaining tracts on the east side of the steep incline transversing the property as shown on Survey 126, i.e. the remaining .97 acres, .99 acres and 2.38 acres. As Attorney Miller, the title expert testified there would have been no need for the western acreage of the 8.83 acres to use this access as it has access directly from State Route 257. This would further explain the fact that the easement, as shown in Survey 126, straddles the south property line of the north .97 acres. Thus the easement is accessible to both the Casey property and the 4.34 acres to the south presently owned by S.V., Inc.

The Court therefore finds the appurtenant lands to be the southern most .97 acre tract, the .99 acre tract and 2.38 acres making a total of 4.34 acres which may use the private lane reserved across Casey's property. S.V., Inc. may use this reserved easement to access this 4.34 acres as set forth in Survey 126, Volume 11, Page 81.

{¶57} The general rule of law regarding the use of easements appurtenant was set forth in *Berardi v. Ohio Turnpike Commission*, 1 Ohio App.2d 365, 372-373, 205 N.E.2d 23 (8th Dist.1965):

'An easement can be used only in connection with the estate to which it is appurtenant and cannot be extended by the owner to any other property

which he may then own or afterward acquire, unless so provided in the instrument by which the easement is created; and the fact that such property is within the same inclosure as the lot to which the easement is appurtenant makes no difference in the application of the rule. Accordingly, a right of way cannot be used by the owner of the dominant tenement to pass to other land or premises adjacent to or beyond that to which the easement is appurtenant, * * *'

{¶58} This Court applied *Berardi* in *State ex rel. Fisher v. McNutt*, 73 Ohio App.3d 403, 597 N.E.2d 539 (5th Dist.1992). In *McNutt*, the original grantor, Stuart Fauber, granted an easement for "road purposes" in 1887 to the original grantee, Ella Harmer, who owned 77.7 acres. In 1958, the State acquired the 77.7 acres of the former Harmer property and an additional 4,764.6 acres of federal property adjacent to the Harmer property. The State intended to use the easement to access the entire 4,842.3 acres. The State argued the use of the easement was not limited to the original 77.7 acres because the original grant of the easement did not state whether the easement was for the sole benefit of the Harmer property and did not specifically reference Harmer's property. This Court found the easement was limited to the 77.7 acres, stating '[r]easonable minds looking at this evidence could only conclude the intentions of the original grantee and grantor of the easement were that the right of way could only be used for ingress and egress to Harmer's 77.7 acres." *McNutt, supra* at 408.

{¶59} The 1953 and 1958 Deeds do not specifically state the easement is for the sole benefit of the 4.34 acres of land directly south to the Schmidt/Casey Property.

The only limiting statement found in the 1953 Deed is that the 16 foot driveway is across the west side of the premises. The 1958 Deed states the 16 foot driveway is across the premises conveyed as shown in Survey 126. The trial court looked at the four corners of the documents and at the surrounding circumstances to reach its decision. We cannot disagree with the trial court's conclusion the easement language in this matter is ambiguous at best. There is no specific delineation of the easement, so the court must look to the surrounding circumstances in order to determine the intent of the parties. *Diemling, supra.*

{¶60} A major character in this troupe of vaguely drafted deeds and arcane property law language is the topography of the land. The trial court judge and witnesses who testified at trial had the benefit of observing the land to examine firsthand the unique characteristics of the terrain. This Court must recreate such experience with a two-dimensional topography map and photographs.

{¶61} The trial court found that upon examining the land, he understood why Hoelcher created an easement over the Schmidt/Casey Property to access his most eastern acreage. First, Hoelcher could access the lower portion of his property directly from State Route 257. Second, a steep incline bisects the Hoelcher/S.V. Property into east and west sections. After he sold the northeastern portion of his property to the Schmidts, Hoelcher would have needed an easement across the Schmidt/Casey Property that skirts the incline to access his eastern upper acreage. Third, this Court finds relevant the existence of a southern easement connecting Hoelcher's acreage to State Route 257. In Plaintiff's Exhibit 25, there is a 20 foot easement starting at State Route 257 and running to the east along the southern end

of Hoelcher's original property. Hoelcher sold the property adjacent to the 20 foot easement to Lucille Burkett. At trial, the judge and attorneys discussed the impact of the S.V. Easement, Casey Easement, and the southern easement:

> The Court: Why did he put the easement on the documents going to the land to the east?

> Mr. Van Slyke [attorney for S.V.]: Because if you look, at looking at the natural terrain, where the driveway's existing path is, you want to the owner of the .97 to use it, that makes sense. If you look at the Stults plat [Plaintiff's Exhibit 25], which shows a 20 foot easement going along the north line of the other properties, you end up with a driveway or access that starts at the north line of the S.V. property, goes through the Casey property, the owner of the eight acres could go either way, arguably, if both of them are still valid and enforceable. So you would have a driveway that goes the entire rear length of the 8.83 acre parcel, all the way down.

(Trial Tr. 201-202.)

{¶62} Plaintiff's Exhibit 25 supports the trial court's conclusion that the Casey Easement serves only the 4.34 acres. At the time of the Casey Easement, Hoelcher had access to his western property through direct access from State Route 257. He could also access his property from the southern end. Because of the steep terrain of the property, in order to access his eastern property, Hoelcher required the Casey Easement.

{¶63} Upon our review of the records in this case, we agree with the trial court's conclusion that the easement appurtenant is the 4.34 acres directly south of the Casey Property. The trial court considered the vaguely worded easement language and the surrounding circumstances, including the unusual terrain of these properties, and determined the intent of Walter K. Hoelcher in granting the Casey Easement was to benefit his land south of the Schmidt/Casey Property.

{¶64} S.V., Inc.'s first Assignment of Error is overruled.

Assignment of Error No. 2 – The S.V. Easement

{¶65} The second easement at issue was the S.V. Easement. This easement runs from State Route 257 to the northwestern corner of the Casey Property. "An easement may be created by specific grant, prescription, or implication that may arise from the particular set of facts and circumstances." *Queen, supra* citing *Fitzpatrick v. Palmer,* 186 Ohio App.3d 80, 2009-Ohio-6008, 926 N.E.2d 651, ¶ 22 (4th Dist.). There is no dispute between the parties that the S.V. Easement was not created by a specific grant or reservation. The trial court found the S.V. Easement was an implied easement, created by necessity, giving Casey access over S.V. Property. S.V. appeals the trial court's finding.

{¶66} In order to establish an easement by necessity, the following elements must be shown:

(1) A severance of the unity of ownership in an estate; (2) that, before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; (3) that the easement shall be reasonably

necessary to the beneficial enjoyment of the land granted or retained; (4) that the servitude shall be continuous as distinguished from a temporary or occasional use only. *Ciski v. Wentworth* (1930), 122 Ohio St. 487, 172 N.E. 276, paragraph one of the syllabus.

*L & M of Stark County, Ltd. v. Snowden*, 5th Dist. No. 2005CA00165, 2006-Ohio-1497, ¶ 10-11. As stated by the Supreme Court of Ohio in *Tiller v. Hinton*, 19 Ohio St.3d 66, 69, 482 N.E.2d 946 (1985), "to justify the implication of an easement by necessity, strict necessity is required."

{¶67} The parties agree Casey met the first element because there was a severance of unity of ownership in the estate when Hoelcher transferred his property to Schmidt in 1953. S.V. argues Casey has failed to demonstrate by clear and convincing evidence she has met the remaining elements to establish an easement by necessity. We disagree.

{¶68} The second element states that before the separation takes place, the use that gave rise to the easement must have been so long continued and obvious or manifest as to show it was meant to be permanent. The second element leads to the fourth element, which states the servitude is continuous as distinguished from a temporary or occasional use. The record in this case demonstrates the S.V. Easement has been included in every survey of the Hoelcher/S.V. Property since 1958. Aerial photographs of the property were introduced into the record during trial. The aerial photographs from 1951 to 2008 show the S.V. Easement. The testimony from Lucille Burkett was that the Schmidt/Casey Property was used as a summer retreat and the use of the S.V. Easement was minimal, but it was used to access the

Schmidt/Casey Property. Ms. Burkett resided in the area from 1949 to 2007. She knew the Schmidts and Daniel Stickler. She knew there was an easement from State Route 257 along the north property line. Ms. Burkett told Mrs. Casey about the S.V. Easement when Casey purchased the property. (Trial Tr. 237.)

{¶69} As to the third element, the trial court found the S.V. Easement was strictly necessary for the benefit and use of the Casey Property because the Casey Property was landlocked. S.V. argues Casey can utilize the southern easement located on the southern end of the S.V. Property referred to above. The southern easement, however, does not connect to the Casey Property. Again, the topography of the land comes into play when determining whether the S.V. Easement is necessary for the benefit and use of the Casey Property.

{¶70} The S.V. Easement has been accessed for the use and benefit of the Casey Property for at least 55 years. We find sufficient credible evidence of the elements of necessity to support the trial court's conclusion the S.V. Easement is an easement by necessity.

{¶71} S.V., Inc.'s second Assignment of Error is overruled.

## CONCLUSION

{¶72} The first and second Assignments of Error of Plaintiff-Appellant S.V., Inc. are overruled.

{¶73} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, P.J. and

Hoffman, J. concur.

Farmer, J. dissents separately.

HON. PATRICIA A. DELANEY

HON. WILLIAM B. HOFFMAN

HON. SHEILA G. FARMER

PAD:kgb

*Farmer, J., dissents*

{¶74} I respectfully dissent from the well-written and analyzed opinion of the majority.  I disagree that the trial court was correct in limiting S.V.'s access to 4.34 acres out of the 8.83 acres it owned over the Casey Easement.

{¶75} In its June 18, 2012 judgment entry, the trial court found "[t]he appurtenant rights to the easement are limited to the 4.34 acres presently owned by Plaintiff S.V., Inc. located south of the Casey property.  See attached copy of Survey 126 with 4.34 acres outlines in red."

{¶76} In 1951, Walter Hoelcher was the title owner of a 12.5 acre parcel.  In 1953, Hoelcher severed by deed 1.51 acres and in the deed reserved "an easement for the use of grantees of other premises sold by the grantors and for the grantors heirs and assigns to use a 16 ft. driveway across the west side of the premises conveyed for ingress and regress."  This is the subject Casey Easement.  The easement was reserved to the original grantor.

{¶77} Despite the various splits from the original Hoelcher acreage, I would find the easement to Casey granted access to all the original tract of the grantor in 1953.  The very language of the original grant of easement demonstrates unambiguously that Hoelcher intended to retain an easement not only for himself, but also for all of the heirs and assigns of his original fee.  S.V., as an heir and assign of the original grantor, became the dominant estate without limitations.  Therefore, S.V.'s rights are not limited to only 4.34 acres, but include full rights of access to all of its property.

_____

HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| S.V., INC. | : | |
| | : | |
| Plaintiff - Appellant | : | JUDGMENT ENTRY |
| | : | |
| -vs- | : | |
| | : | Case No.   12 CAE 07 0043 |
| CLARA JANE CASEY, TRUSTEE OF | : | |
| THE CLARA JANE CASEY | : | |
| REVOCABLE LIVING TRUST | : | |
| DATED AUGUST 7, 2001 | : | |
| | | |
| Defendant - Appellee | | |


For the reasons stated in our accompanying Opinion on file, the judgment of the

Delaware County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER