[Cite as *RLM Properties, Ltd. v. Brammer*, 2014-Ohio-3509.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

RLM PROPERTIES, LTD                       :

    Plaintiff-Appellant                  :        C.A. CASE NO.    2014 CA 6

v.                                        :        T.C. NO.    13CVG915

JAYNE BRAMMER                             :        (Civil appeal from
                                         Municipal Court)

    Defendant-Appellee                   :

                                   :

. . . . . . . . . .

**O P I N I O N**

Rendered on the     15th     day of     August    , 2014.

. . . . . . . . . .

DARRELL L. HECKMAN, Atty. Reg. No. 0002389, One Monument Square, Suite 200, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellant

JAYNE BRAMMER, 304 E. Court Street, Urbana, Ohio 43078
    Defendant-Appellee

. . . . . . . . . .

FROELICH, P.J.

    **{¶ 1}** RLM Properties, Ltd. appeals from a judgment of the Champaign County Municipal Court, which granted a default judgment in favor of RLM Properties and

against its former tenant, Jayne Brammer, in the amount of $2,578.05 for unpaid rent, late fees, damages, and other expenses. RLM Properties claims that the trial court's calculation of damages is against the manifest weight of the evidence and that the trial court should have awarded it additional damages. For the following reasons, the trial court's judgment will be reversed and the matter will be remanded for recalculation of damages, consistent with this Opinion.

{¶ 2} In May 2011, Brammer signed a lease with RLM Properties to rent the property located at 214 Freeman Avenue in Urbana for $780 per month, effective June 1, 2011. On December 10, 2013, RLM Properties brought a forcible entry and detainer action against Brammer, seeking restitution of the property and damages for unpaid rent, late fees, and other expenses. Brammer did not respond to the complaint. The trial court granted restitution of the property and ordered Brammer to move out by 6:00 p.m. on January 5, 2014. The court scheduled a damages hearing for January 10, 2014.

{¶ 3} At the January 10 damages hearing, RLM Properties indicated that Brammer had not yet moved out, but was expected to move on Sunday, January 12. The trial court continued the hearing until January 24, 2014; that hearing proceeded as scheduled. At the hearing, RLM Properties requested a total of $5,632.93 in damages. Brammer did not appear for either hearing.

{¶ 4} According to RLM Properties' evidence, between April 2012 and December 2013, Brammer was obligated to pay a total of $16,380 ($780 x 21 months) in rent. RLM Properties prorated the amount that Brammer owed for January 2014, the month that she was evicted. The prorated amount came to $301.92, for a total rent obligation of

$16,681.92. During this time period, Brammer paid a total of $13,030 for rent, leaving an unpaid balance of $3,651.92. On January 9, 2014, RLM Properties applied Brammer's security deposit ($780) to the balance due, leaving a final rent balance of $2,871.92.

{¶ 5} According to Brammer's lease, rent was "due and payable monthly in advance of the first day of each month." RLM Properties could charge a $50 late fee if rent was not received "following the fifth day of each month" and an additional $50 late fee "after the 15th of the month."[1] In addition, if rent had not been received by 9:00 a.m. on the sixth day of the month, a three-day notice would be posted. The lease does not contain a provision indicating how payments would be applied if back rent were due. In other words, the lease does not state whether payments would be applied first to any arrearage or whether payments would be applied to the current month's rental obligation.

{¶ 6} RLM Properties imposed both $50 late fees for 20 of the 22 months between April 2012 and January 2014 (20 months x $100 = $2,000). It charged only a five-day late fee for the other two months (2 months x $50 = $100). In addition, RLM Properties charged a $10 fee for the delivery of a three-day notice on 11 different months (11 months x $10 = $110). RLM Properties' request for damages included $2,210 for these fees.

---

[1] Specifically, the Late Payment Charge provision in Brammer's lease read:

> Tenant hereby agrees that should rental payment be delayed following the fifth day of each month, a late payment will be assessed in the amount of $50 and $50 after the 15th of the month. A three day eviction notice will be posted on the premises anytime your payment is not received by the 5th of the month. If a three day [notice] is posted you will be accessed [sic] an additional $10 posting fee.

**{¶ 7}** RLM Properties also requested additional damages, as follows: (1) $196.11 for Brammer's water bill, (2) $17.03 to replace four mini-blinds, (3) $18.99 to replace a wired smoke alarm, (4) $10.88 to replace two broken toilet seats, (5) $160 and $128 for cleaning labor by two individuals, and (6) $20 for removal of trash from the garage (2 hours x $10 per hour). RLM Properties provided a copy of the water bill and store receipts for the smoke alarm, mini blinds, and toilet seats. The company also provided an invoice from Brian S. Daniels for the cleaning and trash removal charges.

**{¶ 8}** The same day as the hearing (January 24), the trial court issued a judgment entry in favor of RLM Properties in the amount of $2,578.05, plus interest and court costs. The court found that Brammer owed a total of $16,681.92 for rent, plus a $100 late fee, and was entitled to a credit of $14,590 for payments she made (including her security deposit). The court awarded the requested damages for the water bill, mini blinds, and smoke alarm, but did not award anything for the toilet seats. It found damages for cleaning labor and trash in the amount of $154.

**{¶ 9}** On February 3, 2014, RLM Properties filed a "motion to correct error," asking the court to correct its judgment to reflect total damages of $5,632.93, the amount sought at the hearing, plus interest and costs. The trial court denied the motion.

**{¶ 10}** RLM Properties appeals from the trial court's judgment. Its sole assignment of error states:

> **The decision of the trial court was against the manifest weight of the evidence in that it awarded insufficient damages on uncontradicted evidence in a default judgment context.**

{¶ 11}    RLM Properties challenges the trial court's calculation of the amount of rent due, the late charges, and the three-day notice fees. It does not challenge the exclusion of damages for the toilet seats or the amount of damages for cleaning and trash labor.   RLM Properties requests that the judgment be modified to reflect damages of $5,408.05.

{¶ 12}    Default judgments are governed by Civ.R. 55, which provides:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor[.]   * * *   If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages * * *, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

{¶ 13}    The trial court has the discretion to determine whether a hearing on damages is necessary upon a default judgment.  *Id*.; *e.g.*, *Thomason v. Hamilton*, 2d Dist. Greene No. 07-CA-60, 2008-Ohio-3492, ¶ 6, citing *Myers & Frayne Co., LPA v. Ivory*, 175 Ohio App.3d 43, 45, 2008-Ohio-428, 884 N.E.2d 1145 (2d Dist.)   "Proof of damages is not required before a default judgment can be granted in an action filed upon a liquidated damage claim based upon an account.  However, when the judgment is not liquidated, or only partially liquidated, it is reversible error for the trial court to enter a default judgment without holding a hearing on the damages issue." (Citations omitted.) *Mid-American Acceptance Co. v. Reedy*, 11th Dist. Lake No. 89-L-14-072, 1990 WL 94816, *2 (June 29,

1990), quoted by *Hull v. Clem D's Auto Sales*, 2d Dist. Darke No. 2011 CA 6, 2012-Ohio-629, ¶ 7. As stated by the Tenth District:

"[W]hen the complaint and the motion for default judgment clearly set forth the amount of damages" and reveal the amount to be ascertainable, "the trial court does not abuse its discretion in relying on the amount asserted" in the complaint. If, by contrast, "the determination of damages necessarily requires consideration of information outside a written instrument, the trial court abuses its discretion in failing to hold an evidentiary hearing to determine the exact amount of damages."

(Citations omitted.) *Am. Communications of Ohio, Inc. v. Hussein*, 10th Dist. Franklin No. 11AP-352, 2011-Ohio-6766, ¶ 16.

**{¶ 14}** RLM Properties sought unpaid rent and fees, as well as sums for the water bill, damage to the property, and other expenses, which were unliquidated. The trial court properly held a hearing on damages, during which RLM Properties presented evidence.

**{¶ 15}** "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury [or other fact finder] that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶ 16} An appellate court applies the same manifest-weight-of-the-evidence standard in criminal and civil cases. *Eastley* at ¶ 17. The appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. A court of appeals "must always be mindful of the presumption in favor of the finder of fact." *Eastley* at ¶ 19, ¶ 21. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E .2d 717 (1st Dist.1983), cited with approval in *Thompkins* at 387.

{¶ 17} The trial court calculated the total rent owed between April 2012 and January 2014 as $16,681.92, and it credited Brammer with total payments of $14,590 (including the security deposit). The record supports the trial court's calculation of the total rent owed. However, the Move-Out Report indicates that Brammer paid a total of $13,030 for rent, and RLM Properties applied Brammer's security deposit of $780 to the balance due.[2] Accordingly, Brammer's total credit should have been $13,810. We therefore agree that the credit amount of $14,590, as found in the judgment entry, was against the manifest weight of the evidence.

---

[2] The security deposit provision of Brammer's lease states that the security deposit "will be held to cover any possible damage to the property * * * and in no case will it be applied to back or future rent." It also states that "[n]o refund will be made if tenant has not paid in full, 12 active months of rent." Brammer has not disputed RLM Properties' application of her security deposit to her balance due or any other term of the security deposit provision, and we state no opinion on the validity of any of its terms.

{¶ 18}   RLM Properties further challenges the trial court's award of $100 in late fees and its failure to award any three-day notice fees.   The company argues that, by failing to respond to the complaint, Brammer admitted to the amount of fees that she owed and waived any challenge to RLM Properties' calculation of the fees.   It further claims that the trial court's judgment regarding the fees is against the manifest weight of the evidence.

{¶ 19}   In its complaint, RLM Properties alleged that Brammer was in default for rent and late fees in the amount of $5,600 (as of December 10, 2013).   RLM Properties attached a copy of the lease and a three-day notice, dated November 18, 2013, to the complaint.   The three-day notice indicated a balance forward of $3,960 as of September 30, 2013, rent and fees assessed in October and November, and a balance due of $4,770 as of November 18, 2013.

{¶ 20}   We disagree with RLM Properties that the trial court was required to accept RLM Properties' calculation of its damages simply because Brammer did not respond to the complaint.   Under Civ.R. 8(D), "[a]verments in a pleading to which a responsive pleading is required, *other than those as to the amount of damage*, are admitted when not denied in the responsive pleading."   (Emphasis added.)   The trial court may enter a default judgment without a hearing where the amount claimed is liquidated or can be calculated from evidence contained in the record.   *See Columbus Mgmt. Co. v. Nichols*, 10th Dist. Franklin No. 92AP-191, 1992 WL 193694, *4 (Aug. 4, 1992).   But once the trial court determined that it would hold a hearing on damages, the court was entitled to consider all of the evidence submitted by RLM Properties in determining the amount of damages to which RLM Properties was entitled.   *See CitiMortgage, Inc. v. Kermeen*, 2d Dist. Darke No. 2011 CA 2,

2012-Ohio-1655, ¶ 35.

**{¶ 21}** In contrast, by failing to respond to RLM Properties' complaint, Brammer did waive any claim that the amounts of the late fees ($50) and of the three-day notice fee ($10) were unreasonable and unenforceable. "That a provision for liquidated damages constitutes a penalty rather than a valid liquidated damages provision is an affirmative defense." *UAP-Columbus JV326132 v. O. Valeria Stores, Inc*., 10th Dist. Franklin No. 07AP-614, 2008-Ohio-588, ¶ 12; *see also Arrow Uniform Rental, Inc. v. Nix*, 8th Dist. Cuyahoga No. 81144, 2002-Ohio-5855, ¶ 15. Civ.R. 8(C) requires affirmative defenses to be raised in a responsive pleading, and the failure to raise an affirmative defense (other than those listed in Civ.R. 12(B)) in a pleading or an amendment to a pleading waives that defense. *Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18, 20, 688 N.E.2d 506 (1998).

**{¶ 22}** The trial court did not explain its reasons for awarding only $100 in late fees and no three-day notice fees. We cannot discern from the record why the court chose not to award any fees for delivery of a three-day notice, particularly when a copy of the November 18, 2013 three-day notice was attached to the complaint. In addition, we can not deduce how the trial court determined that an award of $100 in late fees was appropriate, other than to speculate that the trial court believed such an amount was "fair." With the record before us, we must conclude that the trial court's failure to award any damages for three-day notice fees and its award of only $100 in late fees was against the manifest weight of the evidence.

**{¶ 23}** Our conclusion does not mean, however, that the trial court is required to

accept RLM Properties' assertion that it is entitled to all of the fees that it claimed. Our review of the Move-Out Report presented at the damages hearing indicates that not all of the fees may have been appropriately imposed. For example, Brammer paid a total of $780 in rent during four different months, and she paid more than $780 in rent on six other occasions. RLM Properties charged her the $50 15-day late fee on each of these months (a total of $500), even though the full rental amount for that month had been paid by the fifteenth of the month. Three of those months, RLM Properties assessed the $50 five-day late fee, even though payment was received on the fifth of the month. (The lease provides for the late fee if payment is delayed *following* the fifth day.) RLM Properties also issued a three-day notice on two of those months when full payment had been made on the fifth of the month. (The lease provides for a three-day notice when payment is not made "by the 5th of the month" and states that the notice will be posted when payment is not received "by 9:00 a.m. on the sixth day of the month.") Accordingly, in determining the amount of damages on remand, the court should review the evidence submitted by RLM Properties and evaluate which fees were assessed in accordance with the lease.

**{¶ 24}** RLM Properties' assignment of error is sustained.

**{¶ 25}** The trial court's judgment will be reversed, and the matter will be remanded for the trial court to recalculate damages, consistent with this Opinion.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Darrell L. Heckman
Jayne Brammer
Hon. Gil S. Weithman